DEAN *v.* DODGE, CHANCELLOR.

4-9859                                     250 S. W. 2d 731

Opinion delivered July 7, 1952.

854

*Talley & Owen, Wayne W. Owen* and *Dean R. Morley,* for petitioner.

*Carl Langston* and *Wayne Foster,* for respondent.

GRIFFIN SMITH, Chief Justice. Raymond T. Dean, now in Pennsylvania, asks us to prohibit Pulaski Chancery Court from taking further action in a cause instituted by Frances C. Dean, the plaintiff's wife, who procured an order directing her husband to furnish the support contemplated by Act 68 of 1951, Ark. Stat's, §§ 34-2401 to 34-2418—the Uniform Reciprocal Enforcement of Support Act.

The complaint, filed January 28, 1952, alleged that the parties were married in Little Rock Sept. 5, 1947; that the defendant (beginning March 3, 1951) refused to provide fair support for his wife according to his means; that upon information she believed that Dean, at the time the complaint was filed, resided in Philadelphia where he was employed by Gulf Oil Company at a monthly salary of $500, and that such defendant was within the jurisdiction of the Municipal Court of Philadelphia County, Pa.

On February 14, 1952, the defendant orally petitioned Pulaski Chancery Court for an order requiring Frances Dean to present herself before the court for the purpose of examination to determine whether matters contained in the complaint could be substantiated.

On February 28th the court issued its order, *nunc pro tunc,* in which it was found that the defendant's solicitor had made an oral motion February 14th demanding the right to question the plaintiff. The court directed, as a condition precedent to consideration of the matter, that a written motion be filed; whereupon the defendant moved for a continuance until February 18th.

It is the contention of plaintiff below that affirmative aid of the court was asked in two respects: First, when a continuance was requested, and secondly when the written motion was filed with a view to procurement of the personal attendance of the plaintiff for the purpose of placing her under oath for questioning.

On February 20th Mrs. Dean filed a response to the written motion. She also amended her original petition or complaint. The defendant thinks the amendment stated a new cause of action amounting to a prayer for a divorce from bed and board. The exact language is: "Wherefore plaintiff prays that she be granted separate maintenance from the defendant; that the defendant be required to pay her a reasonable sum for her support; that she recover the cost of this action, including a reasonable fee for her solicitors; that the defendant be required to pay a reasonable sum for her support *pendente lite,* and that she be granted all other proper relief to which she is entitled in equity."

We agree with the petitioner that if the amendment had stated a new cause of action the pleading filed by him responsive to the original complaint did not entitle the trial court to enlarge the scope of judicial relief beyond transactions contemplated by the URES Act. It is not contended that there was constructive service. On the contrary the plaintiff rests jurisdiction of the person upon the affirmative relief sought in the motion to continue and the request for an examination of the plaintiff.

Act 68 of 1951 was designed to improve and extend by reciprocal legislation "the enforcement of duties of support and to make uniform the laws with respect thereto."

By express language (§ 3) the remedies so provided are "In addition to and not in substitution for any other remedies." The duty of support imposed by the laws of this state or by the laws of the state where the obligee was present when the failure to support commenced, as provided in Sec. 7 of the Act, and the remedies provided for enforcement thereof, including any penalty imposed

thereby, bind the obligor, regardless of the presence or residence of the obligee.

Section 11 of the Act, Ark. Stat's, Sec. 34-2411, provides that if [an Arkansas Chancery Court] shall find that the petition of one claiming to be an obligee sets forth facts from which it may be determined that the defendant owes a duty of support and that a court of the responding state may obtain jurisdiction of the defendant or his property, [the Chancery Court] shall so certify and shall cause certified copies of the petition, the certificate, and an authenticated copy of [Act 68] to be transmitted to the court of the responding state.

The 1951 Arkansas URESA was discussed in an article written by W. J. Brockelbank, Arkansas Law Review, Vol. 5, No. 4. Mr. Brockelbank is a member of the Idaho Bar and a professor of law in that state's university. He was chairman of the committee that drafted the uniform Act. After commenting that the idea originated with New York, the generally accepted text is summarized in this manner: "Reduced to its simplest terms, the two-state proceeding opens with an action which normally will be commenced in the state where the family has been deserted (the initiating state). A simplified petition is filed. The [Arkansas Chancery judge] looks it over to decide whether the facts show the probable existence of a duty of support, and if they do he sends the petition and a copy of the Act to a court of the responding state to which the husband has fled or in which he has property. That court will then take the steps necessary to obtain jurisdiction of the husband or his property, will hold a hearing, and if the court finds that a duty of support exists, may order the defendant to furnish support, and will transmit a copy of its order to the court in the initiating state. To enforce compliance with its orders the court may subject the defendant to such terms and conditions as it may deem proper, may require him to furnish bond or make periodic payments; or, in case of refusal, may punish him for contempt. It has the duty to transmit to the initiating court any payments it receives, and upon request to furnish a certified

statement of those payments. The initiating court must receive and disburse these payments.''[1]

Uniform Laws, Annotated, 9A, beginning at p. 18 of the cumulative pocket part, contains a table showing the states in which the Uniform Act has been adopted, with Commissioners' Prefatory Note.

In the case at bar the petition for prohibition alleges that Raymond Dean is working in circumstances requiring him to ship out of the Port of Philadelphia periodically; that he is in the city only a few days at a time, and that if citation should issue from a court in the responding state, or if execution should be levied on his goods pursuant to findings of the initiating state's court, "it will be necessary for [Dean] to take a leave of absence, come to Arkansas, enter his appearance in the court, prepare for trial on the merits, and if relief is not afforded him, effect his appeal.''

Our construction of the statute, concurred in by all, is that no service in this state was contemplated. A majority of the judges, however, think that the written motion and the petition for a continuance had the effect of a personal appearance, not limited to the matter set out in the original complaint, although the amended complaint did not state a new cause of action, the prayer being confined to separate maintenance. Divorce from bed and board was not mentioned, nor did the court's order include such. In short, the finding was that the husband owed a duty of support. Our own opinion differences come about when consideration is given the trial court's order, based upon what the Chancellor thought was personal appearance, and its judgment that Dean must pay $100 per month, an attorney's fee of $100, and cost.[2] The majority view is that under the appearance entry there was jurisdiction of the person, hence any reasonable judgment might find support. This would permit the respondent to send an exemplified copy of the judgment to Pennsylvania and procure relief under its terms.

[1] The Uniform Act has been adopted by Pennsylvania, Purdon's Annotated Statutes, Title 62, § 2043.1-20-43.19.

[2] Included in the cost of this proceeding would be the respondent's brief, not to exceed $35.

858

We of the minority think that when the action was initiated with a plea that relief be given under the Uniform Reciprocal Enforcement of Support Act, and when no new cause of action was stated in the complaint amendment, the proceeding was not enlarged, nor was it merged with rights obtainable where separate maintenance is sought under Arkansas statutes, procurable when each party is before the court. But, since the majority holds in favor of a general entry of appearance, the plaintiff may elect to pursue her relief under the full faith and credit clause applicable to judgments and decrees, or follow the procedure established by Act 68. In the latter event the inclusion of an attorney's fee and costs in the judgment would no doubt be considered by the Pennsylvania court as merely suggestive. In no event would their inclusion invalidate the proceedings, hence prohibition does not lie.

The Clerk will accordingly issue this Court's immediate mandate showing that the writ is denied. Because all facts essential to the cause have been developed insofar as Act 68 is concerned, there can be no appeal if the plaintiff elects to rely upon that Act alone, and the mandate is conclusive. If the alternative view is to be acted upon, then the time for appeal has not expired.

Mr. Justice WARD concurs.