Dye, J.
In this appeal we deal with the reciprocal enforcement of support of a minor under the Uniform Support of Dependents Law (L. 1949, ch. 807, as amd., hereinafter called New York Act) and the Uniform Reciprocal Enforcement of Support Act of California (California Code of Civil Procedure, pt. 3, tit. 10-a, §§ 1650-1690, hereinafter called California Act), which are here challenged as constitutionally invalid enactments.
The appeal is here as of right (Civ. Prac. Act, § 588, subd. 1, par. [a]) from an order of the Appellate Division of the Supreme Court in the first judicial department, unanimously affirming, without opinion, an order of the Domestic Relations Court, Family Court Division, City of New York, Bronx County, directing the appellant to pay the sum of $20 weekly for the *362 maintenance and support of his dependent minor daughter, aged 12% years.
By way of factual background, it appears that the parties were married in New York City in 1942. Following the birth of the child in 1944 irreconcilable differences developed. The wife thereafter procured in the courts of California an absolute decree of divorce on the grounds of cruelty and was awarded the custody of the child without, however, obtaining any provision for the support of either herself or the child. The validity of the California divorce decree is not challenged. Thereafter on April 9, 1954 the mother remarried and is now living with her present husband in California.
This proceeding was initiated by the mother of the minor child pursuant to the California Act. It resulted in a certificate finding that $125 per month was a reasonable amount for support and in an order directing the Clerk of the Superior Court of California, as initiating State, to forward the certified transcript of the proceeding had in that court to the Domestic Relations Court of the City of New York as respondent State for determination and enforcement, pursuant to the reciprocal provisions of the Uniform Statute (California Act, § 1676; New York Act, § 6). The defendant husband appeared specially to test jurisdiction, filed an answer challenging procedural aspects of the proceeding as well as the constitutional validity of the statutes under which it was brought (New York Act, § 6)[1] and *363 at a hearing de novo took the stand in his own behalf to controvert the merits of the petitioner’s allegations.
The New York Act specifically declares that a husband is responsible for the support of his child or children under 17 years of age residing or found in the same or another State having substantially similar reciprocal laws and he may be required to pay for their support according to his ability and this is so even if the marriage of the parents has been legally dissolved (§ 3, subds. [a], [g]). The Act also prescribes the procedure for enforcement of the reciprocal order (§ 6). Furthermore, the Act, by its specific terms, is limited to its avowed purpose, that is, to compel support of dependent wives, children and poor relatives within and without the State and to provide a procedure for enforcement thereof against persons residing in other States and territories of the United States having substantially similar reciprocal laws (Preamble to New York Act). It is also provided that the Act shall be construed as an additional remedy in no way affecting or impairing other existing remedies — whether civil or criminal—now available to the petitioner in relation to the same subject matter (§ 8) and so as “ to effectuate its general purpose to make uniform the law of the states which enact it ” (§ 9).
While we have not heretofore dealt with the constitutionality of the New York Act, three of the Appellate Divisions of the Supreme Court have recognized its validity by dealing with various aspects relating to reciprocal enforcement of orders from other States (cf. Wohlfarth v. Wohlfarth, 1 A D 2d 658 [1st Dept.]; Buongiorno v. Buongiorno, 286 App. Div. 1019 [2d Dept.]; Matter of Guyette v. Haley, 286 App. Div. 451 [3d Dept.]).
We also note in passing that substantially similar reciprocal statutes have been enacted in all of the other States and territories of the United States (see McKinney’s Cons. Laws of N. Y., Book 65, ‘ ‘ Unconsolidated Laws ’ ’ [1955 Supp.], § 2111 n.; Report 1953 Annual Meeting of the National Association of Attorneys General; Commonwealth v. Shaffer, 175 Pa. Superior Ct. 100 [1954], allocation refused by Pennsylvania Supreme Court on May 17, 1954, 175 Pa. Superior Ct. XXY; Mahan v. Read, 240 N. C. 641 [1954]), and when challenged in other States its constitutional validity has been upheld (Duncan v. Smith, 262 S. W. 2d 373 [Ky., 1953]; Commonwealth of Pennsylvania, *364 Use of Warren v. Warren, 204 Md. 467 [1954]; Freeman v. Freeman, 226 La. 410 [1954]; Commonwealth v. Shaffer, supra; Proctor v. Sachner, 143 Conn. 9. [1955]; Smith v. Smith, 125 Cal. App. 2d 154 [1954]; Whittlesey v. Bellah,[2] 130 Cal. App. 2d 182 [1955], cert. denied 350 U. S. 821 [1955]).
In this court the appellant challenges, as he did in the courts below, the validity of the support order for the reason that the reciprocal provisions in the New York and California Acts, at ■least insofar as they may be applicable to him, are in violation of the Constitution of the United States in that they constitute an agreement or compact between the States without the required consent of Congress (U. S. Const., art. I, § 10, subd. 3) and, as such, are violative of the equal protection clause of both the Federal and State Constitutions (U. S. Const., art. IV, § 2; N. Y. Const., art. I, § 11), as well as constituting an inhibition on the safeguards accorded an individual when prosecuted for crime (U. S. Const., 6th Arndt.; N. Y. Const., art I, § 6); that the New York Act usurps and disregards the exclusive jurisdiction of Federal courts over cases having a diversity of citizenship (U. S. Const., art. Ill, § 2, subd. 1) and, finally, that the Domestic Relations Court of the City of New York is without *365 constitutional authority to take jurisdiction of the case (N. Y. Const., art. VI, § 18).
It seems clear beyond peradventure that the reciprocity mentioned in the California and New York Acts is not the result of an agreement or compact requiring the consent of Congress. The agreements and compacts that are forbidden by the United States Constitution (art. I, § 10, subd. 3) are indubitably those having an impact on ‘ ‘ the just supremacy of the United States ’ ’ (Virginia v. Tennessee, 148 U. S. 503, 519; Monongahela Nav. Co. v. United States, 148 U. S. 312) or its political integrity (Florida v. Georgia, 17 How. [U. S.] 491) or interference with sovereign treaty-making powers (Barron v. Baltimore, 7 Pet. [U. S.] 243, 249) and other situations not pertinent here (cf. U. S. C. A. notes on the Constitution).
Enforcement of proceedings to compel the support of dependent minor children within and without the State is primarily of local concern to the States. Both at common law and by statute, New York has always treated a husband as absolutely responsible in keeping with his ability for the support of his dependent minor child or children (N. Y. City Dom. Bel. Ct. Act, § 101; Social Welfare Law, § 101) and there is no doubt whatever that neither a divorce or remarriage, nor the fact that the mother has legal custody of the child or children, terminates that liability (Laumeier v. Laumeier, 237 N. Y. 357, 364) and this may be enforced regardless of residence (Adams v. Adams, 272 App. Div. 29, 30). Beciprocal enforcement of a support order aimed at this primary parental obligation may not be avoided or excused by resort to the immunities and privileges clause of the Federal Constitution (U. S. Const., art. IV, § 2). True, as the appellant points out, the California law provides in substance that a person having legal custody of a minor child is primarily liable for its care and support (California Civ. Code, § 196). This, obviously, is for the protection of the minor child or children and may not be construed so as to relieve a father of his primary responsibility in that regard, particularly when, as here, he is financially able, and has lost control and custody by reason of his own conduct for, as the California courts have said, that ‘ ‘ would be a reproach upon the law ”. (Pacific Gold Dredging Co. v. Industrial Acc. Comm., 184 Cal. 462, 466; Matter of Cattalini, 72 Cal. App. 2d 662.)
We reject as insubstantial the appellant’s contentions based *366 on the circumstances that his former wife took the child to California, that following dissolution of the marriage in that State she remarried, and that her present husband is better able to support the child than is he, since nothing can turn thereon affecting the constitutionality of the controverted statute.
Appellant’s remaining objections are equally lacking in substance. The statute does not inhibit in any way the constitutional safeguards erected to assure due process to one charged with crime (U. S. Const., 6th Arndt.; N. Y. Const., art. I, § 6). True, the reciprocal enforcement of support is quasi-criminal in nature. However, in both New York and California the proceedings axe held in a civil court and no punitive fine or penalty is imposed; the only redress for respondent’s willful refusal to comply is to invoke the power of the court to punish for contempt, but even this may not be regarded as punishment for crime but rather for the enforcement of an order of the court in a civil proceeding. The Domestic Relations Court of the City of New York had complete jurisdiction, notwithstanding anything said in the United States Constitution (art. Ill, § 2, subd. 1) respecting trials of cases between citizens of different States.
The California court does not exercise any jurisdiction over a resident of New York but acts only in behalf of the responding State of New York. The fact that the petitioner wife is a nonresident of New York does not prevent her from resorting to the New York courts in order to compel the father to contribute to the support of his minor child, nor does the nonresidence of the child preclude relief (N. Y. City Dom. Rel. Ct. Act, § 103, subd. 1; § 137, subd. 1; Adams v. Adams, supra; cf. Duncan v. Smith, supra).
The Domestic Relations Court is not without jurisdiction by reason of anything said in the New York Constitution relating to inferior courts. Section 18 of article VI specifically empowers the Legislature to establish Domestic Relations Courts and to confer upon them such jurisdiction as may be necessary ‘ ‘ to compel the support of a wife, child, or poor relatives by persons legally chargeable therewith who abandon or neglect to support any of them.” The appellant contends that this limits the jurisdiction of the Domestic Relations Court to those cases wherein abandonment or neglect is charged and that the New York Support of Dependents Law does not make abandonment *367 or neglect a prerequisite to jurisdiction. Therefore, reasons the appellant, it is incongruous to allow the Domestic Relations Court to administer the New York statute. The answer to this argument is that the statute speaks not of neglect, but of neglect to support a dependent minor child. It is indisputable on this record that the appellant has neglected to support his minor child and it matters not that such child presently resides with her nonresident mother in California.
This all leads to the conclusion that the reciprocal provisions of the dependency support act as applied in this case to the support of a minor child are not violative of either the Federal or State Constitutions and that the New York Act insofar as it relates to the reciprocal enforcement of support for a minor child is a valid enactment. We decide no other question.
The order should be affirmed.
Conway, Ch. J., Desmond, Fttld, Fboessbl and Van Voobhis, JJ., concur; Bubke, J., taking no part.
Order affirmed.

. On March 2, 1954 a Domestic Relations Court order providing for payment of $65 per month was reversed on appeal by the Appellate Division, First Department, on technical grounds and the matter was remitted to the Domestic Relations Court for proceedings de novo (Anonymous v. Anonymous, 283 App. Div. 770).
On May 27, 1954 we denied leave to appeal to this court and, on our own motion dismissed, for nonfinality, an appeal taken on constitutional grounds (Anonymous v. Anonymous, 307 N. Y. 671).
On July 8, 1954, Mr. Justice Reed of the Supreme Court of the United States denied application for stay pending filing of petition for certiorari.
While the above was taking place, appellant instituted a prohibition proceeding in the Supreme Court. This was dismissed on May 21, 1954 (Landes v. Domestic Relations Ct., N. Y. L. J., May 24, 1954, p. 9, col. 3).
The prohibition proceeding was renewed and again dismissed by order made November 26, 1954.
A direct appeal to our court on constitutional grounds from that order was dismissed on January 13, 1955 (Matter of Landes v. Domestic Relations Ct., 308 N. Y. 756).
An appeal to the Supreme Court of the United States was dismissed (Landes v. Domestic Relations Ct., 350 U. S. 805).

. Whittlesey involved the New York and California statutes here at issue. The parties were married in Virginia in 1937 and had one child. The wife obtained a decree of separation in New York in 1940. Two years later the parties were divorced in Nevada and a support agreement was incorporated in the divorce decree providing that the husband pay a maximum of $50 a month toward the support of the child. Several years later, the wife, who had remarried, instituted proceedings in our State under the Uniform Support Law seeking an increase in payments. The New York court recommended an increase, whereupon the proceeding was forwarded to the California courts where the child’s father, a resident, was served. The - father contended that he was denied due process and equal protection of the law because he had complied with the terms of the divorce decree, and not absconded or fled, had not received notice of the New York proceeding, and was denied the opportunity to confront his wife and her witnesses. The jurisdiction of the California court to enforce adequate support for the child was sustained even though the father, a California resident, had not been given notice of the initiary proceeding in New York. The California court commented that a more satisfactory record would have been presented if proof of such notice had been sent to the father by mail or had been served upon him personally. However, the court determined that in accordance with the public policy as set forth in the Uniform Support Law, and considering the welfare of the child, the case should not be dismissed because of lack of notice to the father of the New York proceeding.