**Mrs. Floyd IVEY, Appellant,**

v.

**Leslie Eugene AYERS, Respondent.**

No. 45711.

Supreme Court of Missouri,
Division No. 2.

April 8, 1957.

Rehearing Denied May 13, 1957.

John M. Dalton, Atty. Gen., Robert R. Welborn, Asst. Atty. Gen., Charles A. Powell, Jr., Prosecuting Atty., Macon County, Macon, for appellant.

Lawson Romjue, Macon, for respondent.

STOCKARD, Commissioner.

This is an appeal from a judgment for defendant in a proceeding brought under the Uniform Support of Dependents Law, (hereinafter referred to as the Missouri Act), Sections 454.010 to 454.200. All statutory references are to RSMo 1949, Supp.1955, V.A.M.S., unless otherwise stated. The trial court sustained defendant's objection to the admission of any evidence on the ground that the Missouri Act is unconstitutional, and then entered judgment for defendant.

On February 25, 1955, the plaintiff, Mrs. Floyd Ivey, filed her petition in the Juvenile and Domestic Relations Court at Richmond, Virginia, under the Uniform Reciprocal Enforcement of Support Act of that state (hereinafter referred to as the Virginia Act), Title 20, Chap. 5.2, Sections 20–88.12 to 20–88.31, Code of Virginia. Plaintiff alleged that she and the defendant were married on March 4, 1939, at Savannah, Georgia, but that she is now the "divorced wife" of defendant; that she is the mother and the defendant is the father of Nicholas C. Ayers, ten years of age, who is entitled to support from defendant; that for the last five years defendant has refused and neglected to provide fair and reasonable support "for petitioner and the other dependents according to his means and earning capacity;" and that defendant's present address is Route 3, Macon, Missouri. The prayer of the petition was for an order for support, directed to defendant, as shall be deemed to be fair and reasonable, and for such other and further relief as the law allows.

A certificate was executed by the judge of the Juvenile and Domestic Relations Court of Richmond, Virginia, which recited the filing of the petition, that he has examined the plaintiff under oath and that she reaffirmed the allegations contained in the petition; that according to her testimony the needs of the dependent named in the petition for support from defendant are the sum of $15 per week; and that in the opinion of the judge executing the certificate the petition sets forth facts from which it may be determined that the defendant owes a duty of support and that such petition should be dealt with according to law. It was ordered that "this certificate together wtih certified copies of the petition" and copies of the Virginia law under which the action was brought be transmitted to the Circuit Court of Macon County, Missouri, and they were there filed on March 2, 1955.

Before proceeding to the issues presented by the parties there are two matters which deserve mention. It appears that in

preparing her petition plaintiff followed a form designed for the situation where support is sought from the husband and father for a wife and family. Plaintiff is the "divorced wife" of defendant and she is not entitled to support from the defendant. It is apparent that plaintiff intended to seek support only for her minor child. Therefore, we shall treat as surplusage those allegations in the petition which indicate that plaintiff is seeking support for herself.

■ We note also that this suit is brought in the name of Mrs. Floyd Ivey and not in the name of the "obligee," who is the minor child, by a guardian, curator or next friend. However, Section 454.107 (see Laws of Missouri 1953, p. 434) provides that "A petition (complaint) on behalf of a minor obligee may be brought by a person having legal custody of the minor without appointment as guardian *ad litem*." The Virginia Act contains the same provision. In the petition proper there is no allegation that plaintiff has the legal custody of the obligee, but there is attached to the petition answers of plaintiff to some questions asked by the judge of the Virginia court in which she states that the "divorce court" granted her custody of the child. We shall treat the questions and answer as an exhibit to the petition. In this manner the missing and essential allegation in the petition is supplied.

The transcript on appeal discloses that on February 17, 1956, the prosecuting attorney of Macon County (representing plaintiff pursuant to Section 454.103) and the attorney for defendant appeared before the circuit court of Macon County. A discussion occurred concerning the nature of the case and the procedure to be followed, during which it developed that the defendant had not been served with any notice of the hearing. However, counsel for defendant waived this requirement and consented that the trial court proceed. It does not appear if a formal service was made of a copy of the papers as required by Section 454.120, but in any event this also was waived. The prosecuting attorney then offered in evidence the copy of the testimony of petitioner taken before the judge of the court in Virginia where the petition was first filed, and at this stage defendant objected to the admission of any evidence because the Missouri Act is unconstitutional for the contended reasons subsequently discussed. The trial court sustained the objection and stated that it considered the Missouri Act to be unconstitutional. The prosecuting attorney announced that what he had offered was "all the evidence that the petitioner has to submit," and judgment was then entered for defendant.

■ The question immediately presented is whether defendant waived his objections to the constitutionality of the Missouri Act by waiting until the offer of evidence before presenting that issue. It is the settled rule that a constitutional question "should be lodged in the case at the earliest moment that good pleading and orderly procedure will admit under the circumstances of the given case, otherwise it will be waived." Lohmeyer v. St. Louis Cordage Co., 214 Mo. 686, 689–690, 113 S.W. 1108, 1110. See also Colley v. Jasper County, 337 Mo. 503, 85 S.W.2d 57; City of St. Louis v. Butler Company, 358 Mo. 1221, 219 S.W.2d 372; 16 C.J.S., Constitutional Law, § 96b. Ordinarily a constitutional question that could have been presented properly by the pleadings may not be injected for the first time at the trial, 16 C.J.S., Constitutional Law, § 96b, and under such circumstances an objection at the trial to the introduction of evidence comes too late. Kewanee Oil & Gas Co. v. Mosshamer, 10 Cir., 58 F.2d 711. However, under the unusual and peculiar circumstances of this case, we believe the objection was timely. The Missouri Act provides for a special proceeding, and the procedure to be followed is contained in the Act itself. There is no requirement that defendant file an answer or any other

pleading. See Section 454.120. Therefore, the issues are drawn for determination by the trial court of what "orders and judgments as the court adjudges should be made" without the filing of any responsive pleading by the defendant. The effect is the same as though a general denial had been filed, which does not raise constitutional questions. But the defendant is not prohibited from filing a pleading, and this is the normal way in which constitutional issues, which constitute affirmative defenses, should be raised. However, in this case the court never obtained jurisdiction of the defendant until the defendant entered his appearance and waived notice. The next thing that happened, and that happened immediately, was the offer of the evidence by the plaintiff. Even so, defendant announced that he wanted to make his objections to the constitutionality of the Missouri Act before the evidence was offered. Under these circumstances the constitutional questions were injected into this case at the earliest moment good pleading and orderly procedure would permit.

■ Apparently all the other states, and the territories of Alaska, Guam, Hawaii, Puerto Rico and the Virgin Islands, have adopted acts similar to the Missouri Act. U.L.A. Vol. 9A, Misc.Acts. Prior to the enactment of these laws great difficulty was experienced in compelling husbands and fathers who left the state to provide support for their dependents. The increasing number of runaway husbands and fathers created a social problem which compelled interstate cooperation in order to obtain support for destitute dependents, and led to the enactment of the reciprocal enforcement of support laws. One of the primary purposes of these laws was to insure that he who performs a man's part in procreation shall also perform a man's part in providing support for his progeny.

The Missouri Act and the Virginia Act are substantially the same. They provide a two-state procedure in which the "obligee" (any person to whom a duty of support is owed), or someone for him, files a simplified petition with the appropriate court in the "initiating state." The judge of that court examines the petition, and if he finds that it sets forth facts from which it may be determined that the defendant or "obligor" owes a duty to support the obligee, and that a court of the "responding state" may obtain jurisdiction of the obligor or his property, it shall so certify and cause properly certified copies of the petition and applicable law to be transmitted to the appropriate court of the responding state. Section 454.120 provides that when Missouri is the responding state, as it is in this case, the court shall docket the cause, notify the prosecuting attorney, set a time and place for hearing, serve a copy of the petition and other papers on the obligor or defendant, and then hear evidence and render such orders and judgments as are proper. With this general explanation of the procedure, we shall now examine the constitutional questions raised by defendant.

■■ Defendant's first contention is that the Missouri Act is unconstitutional because it is in violation of Clause 3, Section 10, Article I, Constitution of the United States, which provides, among other things, that "No State shall, without the Consent of Congress, * * * enter into any Agreement or Compact with another State, * * *." There is nothing in the Missouri Act which requires or contemplates an agreement or compact with another state, and in fact insofar as the Act is concerned no agreement or compact has been entered into. Missouri has never agreed with any other state what the duties of the defendant should be as to support of his dependents, and she is free to repeal the Act at any time. There is no "formation of any combination tending to the increase of political power in the states, which may encroach upon or interfere with the just supremacy of the United States," which condition has been held to be essential to an agreement or compact requiring the consent of Congress. State of Virginia v. State of Tennessee, 148 U.S.

503, 519, 13 S.Ct. 728, 734, 37 L.Ed. 537, 543. A leading writer on this subject suggests that "Perhaps the true rule is that all compacts or agreements which increase or decrease political power are void, but that all others are voidable merely, at the option of the national government, and that a consent thereto may be inferred from silence and acquiescence." Bruce, The Compacts and Agreements of the States with One Another and with Foreign Powers, 2 Minn. L.Rev. 500. Assuming that the Missouri Act constitutes a compact with another state, it does not increase or decrease political power, and therefore it is not void but at most is voidable. There has been no objection from Congress, and we do not anticipate that there will be. Similar acts in other states have been subjected to this same attack, and in each case the validity of the act has been upheld for the reasons above mentioned. Duncan v. Smith, Ky., 262 S.W.2d 373, 42 A.L.R.2d 754; Landes v. Landes, 1 N.Y.2d 358, 153 N.Y.S.2d 14, 135 N.E.2d 562. See also Brockelbank, Is the Uniform Reciprocal Enforcement of Support Act Constitutional?, 17 Mo.L.Rev. 1; and Franks, Uniform Reciprocal Enforcement of Support Act: A Critical Analysis of its Current and Future Status, 17 U. of Pittsburg L.Rev. 261.

 Defendant next contends that the Missouri Act is "retrospective in its operation" and therefore in violation of Section 13 of Article I of the Constitution of Missouri. Defendant states in his brief that when he returned to Missouri in 1950 there was no duty imposed on him by Missouri law to support any dependent he may have had except a dependent residing or being in Missouri, and that the duty asserted by plaintiff came into being on the effective date of the Missouri Act in 1951. No cases are cited in support of these assertions.

The Missouri Act does not impose a duty on the father to support a minor child. It provides the procedure for enforcing an otherwise existing duty. Section 454.070.

See also an excellent discussion of this question in an article by Blue and Caselman, The Missouri Reciprocal Uniform Support of Dependents Law, 20 U. of Kansas City L.Rev. 164. In this case we are not concerned with whether defendant owed a duty under the law of Missouri to support his minor child when he came to Missouri in 1950, but only whether he owed such a duty at the time of the filing of the petition in the circuit court of Macon County. It has long been the rule in this state that a father has the duty to support his minor children. Wrigley v. Wrigley, 345 Mo. 207, 132 S.W.2d 989; Robinson v. Robinson, 268 Mo. 703, 186 S.W. 1032; In re Scarritt, 76 Mo. 565, 43 Am.Rep. 768; Semon v. Illgenfritz, 223 Mo.App. 546, 15 S.W.2d 912; Worthington v. Worthington, 212 Mo.App. 216, 253 S.W. 443. We know of no reason why this duty does not extend to a minor child across a state line. Certainly the humanitarian reasons giving rise to this duty would not support defendant's contention. The duty of a father to support his minor children is frequently enforced by a court granting a divorce to the parents, and the procedure provided for in the uniform reciprocal support of dependents laws is designed to afford an additional means of enforcing that duty, whether or not the parents are divorced, when the father is in a state different from that of the minor child. Section 454.030. But see the limitation in Welch v. McIntosh, Mo. App., 290 S.W.2d 181, not here applicable. A similar attack to that made here was made against the California Act and was held to be without merit. Smith v. Smith, 131 Cal.App.2d 764, 281 P.2d 274. We find no merit in this attack made by defendant.

 Defendant's next contention is that the Missouri Act violates the due process clauses of both the Federal and State Constitutions. V.A.M.S.Const. art. 1, § 10; Const. Amend. 14. In his brief he points out what he considers to be two "inherent vices" of the Act.

Defendant first contends that the Missouri Act denies him due process in that

there is no requirement of notice to him of the proceeding before the Virginia court, and that in fact he received no notice. It is true that neither the Missouri nor the Virginia Act requires such a notice. Defendant admits that neither Act refers to the action of the Virginia court as a judgment or decree, but he contends that it is expected to have and does have some judicial import. The filing of the petition in the Virginia court did not result in any judgment or action taken adverse to the defendant. The judge found and certified that "the petition sets forth facts from which it may be determined that the obligor (respondent) owes a duty of support" (in other words, that the petition states a cause of action), and that according to the testimony of plaintiff before that court the needs of the obligee for support was $15 per week. These findings, if they may be called that, by the court of the initiating state constitute no more than recommendations to the court of the responding state, and the final decision and the only judgment to be made must be by the court of the responding state. Rosenberg v. Rosenberg, 152 Me. 161, 125 A.2d 863. The court in the responding state is not in any way bound by the recommendations of the court in the initiating state, nor is it bound by the proof presented before that court. As stated in Mahan v. Read, 240 N.C. 641, 83 S.E.2d 706, 710, when the judge of the initiating state signed the certificate and ordered that the petition and other documents be transmitted to the court of the responding state, he "had no jurisdiction to make any determination affecting the substantive rights of the parties * * *." In effect, by approval of the petition and the certification of the documents, the Virginia court took the procedural acts which enabled petitioner to submit her claim against defendant, without the necessity of her personal presence, to the jurisdiction of the circuit court of Missouri. See also Dean v. Dodge, 220 Ark. 853, 250 S.W.2d 731. There is no more denial of due process in the Missouri and Virginia Acts not requiring notice to the defendant of the proceedings before the Virginia court than there is in the failure of the statutes to require notice to a defendant that an ordinary civil suit is to be filed against him in the circuit court of the county in which he resides. This contention of the defendant is without merit.

■ The second "inherent vice" contended to exist by defendant is that he is deprived of due process because he is not afforded an opportunity to cross-examine the plaintiff concerning the matters contained in her testimony taken before the court in Virginia and offered as evidence in the proceeding in the Missouri court. The immediate answer to defendant's contention is that the Missouri Act does not require the introduction in evidence of this testimony or the consideration of it by the Missouri court. Section 454.120(5) requires no more than that the court of the responding state shall hear evidence submitted to it by the plaintiff and defendant, and Section 454.190 requires that the court shall be bound by the same rules of evidence as are used in circuit courts. The offer, or even the erroneous acceptance of improper evidence does not result in the invalidity of the act under which the proceeding is being held on the basis that there is a denial of due process of law. The acceptance of improper evidence is a matter to be corrected on appeal. Neither the Missouri Act nor the Virginia Act requires notice to defendant of the proceedings before the court of the initiating state, and we therefore need not decide if the testimony of plaintiff taken before the Virginia court would be admissible in the court in Missouri if notice to defendant was required and was given. The testimony of plaintiff in the Virginia court which was offered as evidence in the Missouri court was taken *ex parte*, and in view of the requirements of Section 454.190, it has no more legal effect when offered in the Missouri court than an affidavit. But if this testimony is not admissible, plaintiff may use other means of establishing her case. She may call the defendant as a witness, and it may be that she can establish her case by his testimony. She can also

appear in person and testify, but one of the purposes of the reciprocal features of the laws pertaining to the support of dependents is to avoid this necessity. She also has available to her the use of depositions the same as has the defendant, which would include the taking of her own testimony by deposition, Section 492.080, and apparently the deposition could be taken by the judge of the court in the initiating state. Section 492.090. But notice to the defendant is required. Section 492.160. The question presented is actually only one of proof of plaintiff's claim by the use of proper evidence.

The Missouri Act is not unconstitutional for any of the reasons advanced by defendant. Therefore, the judgment is reversed and the cause is remanded for further proceedings.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.