Cheryl A. FRASER

v.

Duncan C. FRASER.

No. 77–141–Appeal.

Supreme Court of Rhode Island.

June 25, 1980.

Dennis J. Roberts II, Atty. Gen., Jeffrey B. Pine, Stephen M. Robinson, Sp. Asst. Attys. Gen., Providence, for State of Rhode Island.

Aram K. Berberian, Warwick, for respondent.

*Vaccaro*, R.I., 403 A.2d 649, 652 (1979) (citing *Coker v. Georgia*, 433 U.S. 584, 592, 97 S.Ct. 2861, 2865, 53 L.Ed.2d 982, 989 (1977)).

## OPINION

MURRAY, Justice.

This is an appeal[1] from a child-support decree entered by the Family Court under the Uniform Reciprocal Enforcement of Support Act[2] (Act). In Family Court the respondent to the support petition claimed that the Act stands in violation of the Compact Clause of Art. I, § 10, cl. 3 of the United States Constitution, which provides that "No State shall, without the consent of Congress * * * enter into any agreement or compact with another state * * ." The trial justice rejected that contention, and respondent's appeal ensued, requiring us to determine the validity of the Act under the Compact Clause. The facts are not in dispute; a brief summary follows.

The petitioner, Cheryl Fraser, a Massachusetts resident, filed a petition in Massachusetts under that state's Uniform Reciprocal Enforcement of Support Act, seeking a child-support order directed against the respondent, Duncan Fraser, a resident of Rhode Island. The Massachusetts court determined that respondent owed a duty of support and transmitted a certified copy of that finding to the Family Court for further proceedings pursuant to the Rhode Island Act. The Family Court summoned respondent to show cause why the Massachusetts order for support should not be enforced. At a hearing before a master, respondent moved to dismiss the petition, claiming that the Act was in violation of the Compact Clause. The master ordered respondent to commence remitting support payments to an escrow account pending presentation of memoranda on the constitutional issue. A justice of the Family Court

rejected respondent's constitutional challenge at a subsequent hearing and adopted the master's interim order as the final order of the court.

The respondent renews his constitutional challenge in his appeal from that order. The petitioner is not represented in this proceeding, but the Attorney General, acting upon notification under Sup.Ct.R. 32(b), has entered an appearance in opposition to respondent's position. It is undisputed that Congress has not given its approval to the states' passage of the Act. The respondent's appeal requires us to decide whether the Act is invalid for that reason.

In support of his claim that the Act falls within the scope of the Compact Clause, respondent relies exclusively on a passage quoted from the first case in which the United States Supreme Court had occasion to comment on the clause, *Holmes v. Jennison*, 39 U.S. 540, 14 Pet. 540, 10 L.Ed. 579 (1840). The passage implies a literal reading, and indeed if that were the only authority, this appeal would raise a serious question of constitutionality.[3]

Since 1840, however, a different approach has evolved. Following a comprehensive review of the origin and development of the Compact Clause, the Supreme Court has definitively rejected a literalist interpretation of the clause. *United States Steel Corp. v. Multistate Tax Commission*, 434 U.S. 452, 98 S.Ct. 799, 54 L.Ed.2d 682 (1978). Recognizing the difficulties attending a literal reading, the Court subscribed to a functional view enunciated first in an extended dictum in *Virginia v. Tennessee*, 148 U.S. 503, 13 S.Ct. 728, 37 L.Ed. 537 (1893):

---

1. The appeal is here pursuant to G.L. 1956 (1969 Reenactment) § 14–1–52, as amended by P.L. 1972, ch. 169, § 28.

2. General Laws 1956 (1969 Reenactment) §§ 15–11–1 thru 15–11–32, since supplanted by §§ 15–11–1 thru 15–11–42, as enacted by P.L. 1979, ch. 260, § 2. Our opinion concerning the act repealed applies as well to the new Act. The purposes of the Act are to improve and extend by reciprocal legislation the enforcement of duties of support. Section 15–11–1. *See generally* Clark, *Law of Domestic Relations*

206–212 (1968). At present one version or another of the Act is in force in every state and the District of Columbia. *Id.* at 206.

3. "Read literally, the Compact Clause would require the States to obtain congressional approval before entering into any agreement among themselves, irrespective of form, subject, duration, or interest to the United States." *United States Steel Corp. v. Multistate Tax Commission*, 434 U.S. 452, 459, 98 S.Ct. 799, 806, 54 L.Ed.2d 682, 694 (1978).

"Looking at the clause in which the terms 'compact' or 'agreement' appear, it is evident that the prohibition is directed to the formation of any combination tending to the increase of political power in the states, which may encroach upon or interfere with the just supremacy of the United States." *Id.* at 519, 13 S.Ct. at 734, 37 L.Ed. at 543.

The assumption underlying the test implicit in this interpretation is that "not all agreements between States are subject to the strictures of the Compact Clause." *United States Steel Corp. v. Multistate Tax Commission,* 434 U.S. at 469, 98 S.Ct. at 811, 54 L.Ed.2d at 699.

The form of the interstate agreement is not dispositive; "[t]he relevant inquiry must be one of impact on our federal structure." *Id.* at 471, 98 S.Ct. at 811, 54 L.Ed.2d at 700. "Agreements effected through reciprocal legislation may present opportunities for enhancement of state power at the expense of the federal supremacy similar to the threats inherent in a more formalized 'compact.'" *Id.* at 470, 98 S.Ct. at 811, 54 L.Ed.2d at 700. Thus, we must decide whether the Uniform Reciprocal Enforcement of Support Act encroaches upon or interferes with the supremacy of the federal government, an issue that the Supreme Court has not directly resolved.

The claim made before us, however, has confronted at least three courts in the spate of challenges to the Act's constitutionality following its adoption by various states in the fifties. *Ivey v. Ayers,* 301 S.W.2d 790 (Mo.1957); *Landes v. Landes,* 1 N.Y.2d 358, 153 N.Y.S.2d 14, 135 N.E.2d 562 *appeal dismissed,* 352 U.S. 948, 77 S.Ct. 325, 1 L.Ed.2d 241 (1956); *Duncan v. Smith,* 262 S.W.2d 373 (Ky.1953). Although all three courts rejected the claim that the Act violated the Compact Clause, both *Ivey v. Ayers* and *Duncan v. Smith* appear to rest on a finding that the Act did not bear any of the aspects of an agreement or contract between states. In light of *United States Steel Corp. v.*

*Multistate Tax Commission, supra,* even if we concede that the Act is an agreement between states, this concession constitutes only the start of the inquiry, for the validity of the Act depends upon its impact within our federal system.

The express ruling of the court in *Landes v. Landes* and the alternative ruling of the court in *Ivey v. Ayers* are instructive at this point.[4] "It seems clear beyond peradventure that the reciprocity mentioned in the [Act] is not the result of an agreement or compact requiring the consent of Congress." *Landes v. Landes,* 1 N.Y.2d at 365, 153 N.Y.S.2d at 19, 135 N.E.2d at 566. Enforcement of proceedings to compel the support of dependent children is, and has been, primarily of local concern to the states. *Id.* at 365, 153 N.Y.S.2d at 19, 135 N.E.2d at 566. *See Boddie v. Connecticut,* 401 U.S. 371, 389–90, 91 S.Ct. 780, 792, 28 L.Ed.2d 113, 126 (1971) (Black, J., dissenting); *Solomon v. Solomon,* 516 F.2d 1018 (3rd Cir. 1975). The Act therefore does not enhance state power at the expense of federal supremacy. We believe that the Supreme Court would reach a similar conclusion in view of its analysis in *United States Steel Corp. v. Multistate Tax Commission, supra.*

We therefore conclude that the reciprocal provisions of the Act do not violate Art. I, § 10, cl. 3 of the United States Constitution. The respondent's appeal is denied and dismissed.

---

4. In both cases, the courts applied the functional approach suggested by *Virginia v. Tennessee,* 148 U.S. 503, 13 S.Ct. 728, 37 L.Ed. 537 (1893). *United States Steel Corp. v. Multistate Tax Commission,* 434 U.S. 452, 468 n. 20, 98 S.Ct. 799, 810 n. 20, 54 L.Ed.2d 682, 699 n. 20 (1978).