Dear Dr. Ahr:
This official opinion is issued in response to your predecessor's request for rulings on the following questions:
 "1. If handicapped or severely handicapped children, as defined under § 162.675
(2) and (3), RSMo 1978, are admitted to Department of Mental Health facilities, may the Department charge the parents or guardian for any services — room and board, treatment, education?
 "2. If handicapped or severely handicapped children, as defined under § 162.675
(2) and (3), RSMo 1978, are admitted to Department of Mental Health facilities, may the Department charge school districts, special school districts or the State Board of Education for the services provided?"
 QUESTION NO. 1
As to the first question, subsection 2 of § 630.205 of Conference Committee Substitute for H.B. 1724 is directly on point. The General Assembly passed this bill during the recent session, and the Governor signed it on June 9, 1980; consequently, it becomes effective on August 13, 1980.
Subsection 2 of § 630.205 of H.B. 1724 reads as follows:
 "Parents of minors who are domiciled in this state, as defined in section 162.970, RSMo, shall not be liable for the cost of education or special education and related services. If, as a result of a comprehensive evaluation and such conclusion in the minor's individualized education program, admission to a department facility or placement program is necessary for such minor to receive an appropriate education, the parents of minors who are domiciled in this state under section 162.970, RSMo, shall not be liable for the cost of nonmedical care and room and board."
The definitions of "handicapped children" and "severely handicapped children" are found in section 162.675(2) and (3), RSMo 1978, respectively, as follows:
 "(2) `Handicapped children', children under the age of twenty-one years who have not completed an approved high school program and who, because of mental, physical, emotional or learning problems, require special educational services in order to develop to their maximum capacity;
 "(3) `Severely handicapped children', handicapped children under the age of twenty-one years, who because of the extent of the handicapping condition or conditions, as determined by competent professional evaluation, are unable to benefit from or meaningfully participate in programs in the public schools for handicapped children. The terms `severely handicapped' is not confined to a separate and specific category but pertains to the degree of disability which permeates a variety of handicapping conditions and education programs; . . ."
The term "special education" has a special meaning for handicapped and severely handicapped children beyond just instruction in the usual elementary and secondary school subjects. Under section 162.670, RSMo 1978, "special educational services sufficient to meet the needs and maximize the capabilities of handicapped and severely handicapped children" are required to be provided by the state or by the public schools in the state. The term "special educational services" is defined in section 162.675(4) as follows:
 ". . . programs designed to meet the needs and maximize the capabilities of handicapped or severely handicapped children and which include, but are not limited to, the provisions of diagnostic and evaluation services, student and parent counseling, itinerant, homebound and referral assistance, organized instructional and therapeutic programs, transportation, and corrective and supporting services."
Under subsection 3 of section 630.205, H.B. 1724, the federal definitions of the terms "special education" and "related services", as found in 20 U.S.C. § 1401, are specifically incorporated by reference.
The term "special education" is defined at 20 U.S.C. § 1401(16), as follows:
 "(16) The term `special education' means specially designed instruction, at no cost to parents or guardians, to meet the unique needs of a handicapped child, including classroom instruction, instruction in physical education, home instruction, and instruction in hospitals and institutions."
The term "related services" has been broadly defined at20 U.S.C. § 1401(17), as follows:
 "(17) The term `related services' means transportation, and such developmental, corrective, and other supportive services (including speech pathology and audiology, psychological services, physical and occupational therapy, recreation, and medical and counseling services, except that such medical services shall be for diagnostic and evaluation purposes only) as may be required to assist a handicapped child to benefit from special education, and includes the early identification and assessment of handicapping conditions in children."
Rather than dividing the children who need special education into separate groups of "handicapped children" and "severely handicapped children" as done under Missouri law in section 162.675(2) and (3), RSMo 1978, the federal law has just one group of "handicapped children", who, by reason of their handicap, require special education and related services. 20 U.S.C. § 1401(1). Thus, the federal term encompasses both of the state terms.
In the regulations promulgated under 20 U.S.C. § 1401,et seq., the term "related services" is more elaborately defined and offers further guidance on what services are to be provided without charge to parents. The definition is located at 45 C.F.R. § 121a.13.
Parents may clearly be charged for certain services "not related" to special education including medical treatment of their handicapped or severely handicapped children who are inpatients or residents of Department of Mental Health facilities. See Tatro v. State of Tex., 481 F. Supp. 1224 (N.D. Texas 1979) where the court determined that catheterization of a child suffering from spina bifida was not a "related service" but a life maintenance service "required whether or not she is attending school." Parents have a common-law obligation to support their minor children, Ivey v. Ayers, 301 S.W.2d 790 (Mo. 1957), andState ex rel. Shoemaker v. Hall, 257 S.W. 1047 (Mo. 1924); however, if the service falls within the definitions of "special education" or "related services," then under section 630.205, H.B. 1724, the parents are not obliged to pay for them.
The Department shall determine whether a particular service may be charged to parents depending upon whether it is classified as medical treatment or special education or related service. Distinctions must be considered on a case-by-case basis for school-aged children. Generally, under subsections 2 and 3 of section 630.205, which incorporate the federal definitions, services required to assist the handicapped or severely handicapped child to benefit from education shall be provided without charge to parents; however, if the services are strictly medical in nature, then the services may be charged to the parents.
Finally, subsection 2 of section 630.205 states that parents shall not be liable for the cost of nonmedical care and room and board, if, as a result of a comprehensive evaluation and such conclusion in the minor's individualized education program, admission to a department facility is necessary for the child to receive an education. Thus, after a handicapped or severely handicapped child has been admitted to a Department of Mental Health facility, the department shall determine, in each instance, if the admission was necessary for the child to receive an appropriate education.
For example, if the child can be appropriately educated off the facility grounds by the school district or special school district where the facility is located or by the state school for the severely handicapped operated by the State Board of Education, as authorized under section 162.970, RSMo 1978, then the admission is not necessary for the child to receive an appropriate education. Rather, the admission may be necessary for certain medical, habilitation, or other reasons. For example, children could be committed to the Department of Mental Health by the juvenile court, or the parents may admit their children because they may not wish to keep them at home. However, if they were living at home, and could appropriately be educated by the school district, special district, or state school for the severely handicapped, then the parents would be responsible for non medical care and room and board.
"Non-medical care" is not defined in the statute or regulations. It would be logical for it to mean assisting the handicapped or severely handicapped children with such activities as dressing, toileting and grooming. These are services usually performed by parents who could not do them if the child is in residential placement.
In conclusion, the parents of school-aged children may be charged for services other than education, special education, and related services unless the admissions are necessary for them to receive appropriate education. Regarding those children whose admission to the Department of Mental Health facilities are found to be necessary for them to receive appropriate education, their parents may not be charged for special education, related services, nonmedical care, and room and board.
QUESTION NO. 2
As to the second question, section 162.740 in H.B. 1724 requires the school district or special school district of residence to pay towards the cost of the education of a child attending an educational program for a full-time patient or resident at a Department of Mental Health facility. Section162.740, H.B. 1724, reads as follows:
 "The district of residence of each child attending a state school for severely handicapped children, an institution providing contractual services arranged pursuant to section 162.735, or an educational program for a full-time patient or resident at a facility operated by the department of mental health except school districts which are a part of a special district and except special school districts, shall pay toward the cost of the education of the child an amount equal to the average sum produced per child by the local tax effort of the district. The district of residence shall be notified each year, not later than December fifteenth, of the names and addresses of pupils enrolled in such schools. In the case of special district, said special district shall be responsible for an amount per child not to exceed the average sum produced per child by the local tax efforts of the component districts. The district of residence of the child's parents or guardians shall be the district responsible for local tax contributions required by this section."
Section 162.745, H.B. 1724, sets out a means of collecting the money.
Subsection 2 of section 162.970, RSMo 1978, requires school districts or special school districts of the domicile of handicapped or severely handicapped children to pay towards the cost of special educational services for such children. Under subsection 1 of section 162.970, the Department of Mental Health may provide special education to handicapped or severely handicapped children.
The school district of domicile is the place of residence of the parents. Section 162.970.7. Section 162.970 when read with section 162.740 would require the school district where the parents reside pay towards the cost of education.
Although under section 162.725, RSMo 1978, the State Board of Education has the primary responsibility to provide special education services to certain severely handicapped children, we find no authority for holding the Board responsible to pay the Department of Mental Health for the special education the Department provides to handicapped or severely handicapped children admitted to Department facilities. Under section162.735, the State Board of Education may contract with "another public agency" to provide special educational services determined to "be in the best interests" of the severely handicapped children; however, absent provisions for payment in such a contract, the State Board of Education has no statutory responsibility to pay for the special educational services provided by the Department of Mental Health.
CONCLUSION
Therefore, it is the opinion of this office that parents of school-aged handicapped or severely handicapped children admitted to the Department of Mental Health may not be charged for special education and related services. If the admissions of any such children is necessary for them to receive appropriate special education and related services, then their parents may not be charged for special education, related services, non-medical care, and room and board. School districts and special school districts are obliged to pay towards the costs of special education and related services rendered by the Department of Mental Health to its full-time patients or residents. Absent a contractual provision we find no authority for the Department of Mental Health to charge the State Board of Education for special education it chooses to render to patients and residents of its facilities.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Reginald H. Turnbull.
Very truly yours,
 John Ashcroft Attorney General