Dear Dr. Ahr:
This official opinion is issued in response to your predecessor's request for rulings on the following questions:
 "1. If the Department of Mental Health diagnoses and places a handicapped or severely handicapped child with a community placement provider, under what circumstances, if any, and to what extent shall the parents be charged by the provider for residential care, treatment, or education?
 "2. If the Department of Mental Health diagnoses and places a handicapped or severely handicapped child with a community placement provider, under what circumstances and to what extent shall the State Board of Education or the school district or special school district of domicile pay or otherwise provide for the child's residential care, treatment and education?"
 QUESTION NO. 1
As to the first question, subsection 2 of § 630.205 of Conference Committee Substitute for H.B. 1724 is directly on point. The General Assembly passed this bill during the recent session, and the Governor signed it on June 9, 1980. It becomes effective on August 13, 1980.
Subsection 2 of § 630.205 of H.B. 1724 reads as follows:
 "Parents of minors who are domiciled in this state, as defined in section 162.970, RSMo, shall not be liable for the cost of education or special education and related services. If, as a result of a comprehensive evaluation and such conclusion in the minor's individualized education program, admission to a department facility or placement program is necessary for such minor to receive an appropriate education, the parents of minors who are domiciled in this state under section 162.970, RSMo, shall not be liable for the cost of nonmedical care and room and board."
Under subsection 3 of section 630.205, H.B. 1724, the federal definitions of the terms "special education" and "related services", as found in 20 U.S.C. § 1401, are specifically incorporated by reference for use in the section. Consequently, the terms "special education" and "related services", as used in subsection 2, are defined by the federal law.
The term "special education" is defined at 20 U.S.C. § 1401(16), as follows:
 "(16) The term `special education' means specially designed instruction, at no cost to parents or guardians, to meet the unique needs of a handicapped child, including classroom instruction, instruction in physical education, home instruction, and instruction in hospitals and institutions."
The term "related services" has been broadly defined at20 U.S.C. § 1401(17) as follows:
 "(17) The term `related services' means transportation, and such developmental, corrective, and other supportive services (including speech pathology and audiology, psychological services, physical and occupational therapy, recreation, and medical and counseling services, except that such medical services shall be for diagnostic and evaluation purposes only) as may be required to assist a handicapped child to benefit from special education, and includes the early identification and assessment of handicapping conditions in children."
Subsection 3 of section 630.205 further incorporates the definitions of the terms "special education" and "related services" from the regulations promulgated under 20 U.S.C. § 1401,et seq. The term "related services" is more elaborately defined and offers further guidance on what services are to be provided without charge to parents. That definition is found at 45 C.F.R. § 121a.13.
The definitions of "handicapped children" and "severely handicapped children" which were used in the questions are found in section 162.675(2) and (3), RSMo 1978, respectively, as follows:
 "(2) `Handicapped children', children under the age of twenty-one years who have not completed an approved high school program and who, because of mental, physical, emotional or learning problems, require special educational services in order to develop to their maximum capacity;
 "(3) `Severely handicapped children', handicapped children under the age of twenty-one years, who because of the extent of the handicapping condition or conditions, as determined by competent professional evaluation, are unable to benefit from or meaningfully participate in programs in the public schools for handicapped children. The terms `severely handicapped' is not confined to a separate and specific category but pertains to the degree of disability which permeates a variety of handicapping conditions and education programs; . . ."
Although the federal law refers to one group of "handicapped" children rather than dividing them into two groups in need of special education as under section 162.675(2) and (3), RSMo 1978, the terms are similar, in that the children require special education and related services. 20 U.S.C. § 1401(1).
Under 630.640, H.B. 1724, parents are to be charged for the support and maintenance of their children in community placement if the children are supported from funds appropriated to the Department of Mental Health. Section 630.205, however, is incorporated by reference, as follows in subsection 2 of section 630.640:
 "If payments for the support and maintenance of of the client are made from funds appropriated to the department, the department shall charge the client or those responsible for his support under this chapter for his support and maintenance pursuant to section 630.205 to 630.215."
Parents may clearly be charged for certain services "not related" to special education including medical treatment of their handicapped or severely handicapped children who have been placed by the Department with community placement providers. See Tatro v. State of Tex., 481 F. Supp. 1224 (N.D. Texas 1979) where the court determined that catheterization of a child suffering from spina bifida was not a "related service" but a life maintenance service "required whether or not she is attending school." Parents have a common-law obligation to support their minor children, Ivey v. Ayers, 301 S.W.2d 790 (Mo. 1957), andState ex rel. Shoemaker v. Hall, 257 S.W. 1047 (Mo. 1924); however, if the service falls within the definitions of "special education" or "related services," then under section 630.205, H.B. 1724, the parents are not obliged to pay for them.
The Department shall determine whether a particular service may be charged to parents depending upon whether it is classified as medical treatment or special education or related service under the individualized education plan. Distinctions must be considered on a case-by-case basis for school-aged children. Generally, under subsections 2 and 3 of section 630.205, services identified in the individualized education plan as being required to assist handicapped or severely handicapped child to benefit from special education shall be provided without charge to parents; however, if the services are not included as special education or related services, then the services may be charged to the parents.
Finally, subsection 2 of section 630.205 states that parents shall not be liable for the cost of nonmedical care and room and board, if, as a result of a comprehensive evaluation and such conclusion in the minor's individualized education program, admission to a department placement program is necessary for the child to receive an education. Thus, after a handicapped or severely handicapped child has been placed with a community placement provider, the department shall determine, in each instance, if the placement was necessary for the child to receive an appropriate education.
Generally, if the child can be educated off the placement-provider grounds, as authorized under section 162.970, RSMo 1978, by the school district or special school district where the placement-provider is located or by the state school for the severely handicapped operated by the State Board of Education, then the placement would not be considered necessary for the child to receive an appropriate education. Rather, the placement may be necessary for certain medical, habilitation, or other reasons. For example, children could be committed to the Department of Mental Health by the juvenile court, or the parents may seek placement of their handicapped or severely handicapped children because the parents do not wish to take care of them at home. However, if the children were living at home, they could be educated by the school district, special district, or state school for the severely handicapped responsible for special educational service where the parents live without the necessity for a residential placement.
"Non-medical care" is not defined in the statute or regulations. It would be logical for it to mean assisting the handicapped or severely handicapped children with such activities as dressing, toileting and grooming. These are services usually performed by parents who cannot do them if their children are not living at home but are placed by the Department with community placement providers.
In conclusion the parents of school-aged children may be charged for services other than education, special education, and related services unless their placements are necessary for them to receive appropriate education. Regarding those children placed by the Department and found by the Department to need residential placements to receive appropriate education, their parents may not be charged for special education, related services, nonmedical care, and room and board.
QUESTION NO. 2
As to the second question, each school district or special school district constituting the domicile of any handicapped or severely handicapped child shall pay the average local tax effort produced per child to the serving school district or special school district where the handicapped or severely handicapped child actually resides under subsections 2 and 3 of section 162.970.
Subsection 2 of 162.970, RSMo 1978, reads as follows:
 "2. Each school district or special school district constitution the domicile of any handicapped or severely handicapped child for whom special educational services are provided or procured under this section, shall pay toward the per pupil costs for special educational services for such child. A school district which is not a special school district shall pay an amount equal to the average sum produced per child by the local tax effort of the district of domicile. A special school district shall pay the average sum produced per child by the local tax efforts of the component districts."
In subsection 3 of section 162.970, the mechanism for such payments is provided as follows:
 "3. When special educational services have been provided by the school district or special school district in which a handicapped or severely handicapped child actually resides, other than the district of domicile, the amounts as provided in subsection 2 for which the domiciliary school district or special school district is responsible shall be paid by such district directly to the serving district. the school district, or special school district, as the case may be, shall send a written voucher for payment to the regular or special district constituting the domicile of the child served and the domiciliary school district or special school district receiving such voucher shall pay the district providing or procuring the services the amount hereinabove provided. In the event the responsible district fails to pay the appropriate amount to the district within ninety days after a voucher is submitted, the state department of elementary and secondary education shall deduct the appropriate amount due from the next payments of any state financial aid due that district and shall pay the same to the appropriate district."
The "domicile of a child" shall be the place of residence of his parents or legal guardian under subsection 7 of section 162.970. Thus, school districts or special school districts of domicile shall pay no more than the average per capita local tax effort to the serving school districts on actual costs.
Under subsection 1 of section 162.970, handicapped or severely handicapped children whose domicile is in one school district in Missouri but who reside in another school district as a result of placement, shall have a right to be provided special educational services. Furthermore, they are not to be denied admission to any appropriate regular public school or special school district program or program operated by the State Board of Education, as the case may be, where the child actually resides because of the placement.
Thus, the appropriate entity with responsibility to serve children placed by the department depends upon their diagnoses as "handicapped" or "severely handicapped." Under section 162.700, RSMo 1978, the Board of Education of each school district shall provide the educational services for handicapped children who reside in the district. Under section 162.890, RSMo 1978, special school districts are responsible for the training or education ofhandicapped or severely handicapped children who reside within the boundaries of the special district.
Severely handicapped children who are not being provided special educational services by the school district or who do not reside in a special school district shall be provided the services by the State Board of Education under sections 162.725
and 162.735, RSMo 1978, by contract, or under section 162.730, in a state school for the severely handicapped.
While special education services are the responsibility of the local school district, special school district or State Board of Education for handicapped and severely handicapped children placed by the Department of Mental Health, no express provision is made for the districts or the state board to pay for nonmedical care and room and board. As we discussed in Part I of this opinion, nonmedical care and room and board are the responsibility either of the Department of Mental Health or of the parents (according to their abilities to pay) depending upon whether the placements are necessary for the children to receive appropriate special education.
In subsection 4 of section 162.970, the Department of Mental Health is to pay the serving district from funds appropriated for that purpose any amounts by which the costs of educating severely handicapped children placed by the Department exceed the amounts received from the domiciliary districts. The Department of Mental Health shall pay the difference between the actual costs of educating the handicapped or severely handicapped children and the average local tax effort paid by the school districts of domicile. In subsection 1 of section 630.640, H.B. 1724, the Department of Mental Health is to supplement the other benefits to which a placement client is entitled. No such statutory limit is placed on amounts to be paid by the State Board of Education. The Board is limited only by appropriations.
CONCLUSION
Therefore, it is the opinion of this office that parents of school-aged handicapped or severely handicapped children placed by the Department of Mental Health with community placement providers may not be charged for special education and related services. If the placement of any such children is necessary for them to receive appropriate special education and related services, then their parents may not be charged for special education, related services, nonmedical care, and room and board. School districts and special school districts of domicile are obliged to pay towards the costs of special education and related services rendered by the serving school districts and special school districts. The State Board of Education shall provide special educational services to the severely handicapped children who cannot receive such services from the school districts where the children actually reside.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Reginald H. Turnbull.
Very truly yours,
 John Ashcroft Attorney General