GRACE A. WORTHINGTON, Guardian of the Persons and Estates of HARRIET ELIZABETH WORTH-INGTON, et al., Appellants, v. JAMES A. WORTH-INGTON, Respondent.

St. Louis Court of Appeals. Opinion Filed June 5, 1923.

1. **PARENT AND CHILD:** Duty of Father to Support Minor Children: Legal and Moral Duty. A father's duty to support his minor children is not only a moral but a legal duty.

2. ———: ———: ———: Direct Action by Minor Children Against Father for Support: Not Maintainable. Where a third party supplies minor children with necessaries, a recovery may be had to that extent without proving any agreement other than that implied by law for the fulfillment of the father's duty to the child, but minor children who have been abandoned by their father cannot maintain a direct action against their father compelling a court of chancery to make a specific allowance for their support and maintenance.

3. **DIVORCE:** Support of Minor Children: Decree Silent as to Their Maintenance: Father's Duty to Support Them. Where a decree of divorce is granted and nothing is said with respect to the maintenance of minor children, it is the duty of the father to support them.

Appeal from the Circuit Court of St. Louis County.— *Hon. John W. McElhinney,* Judge.

AFFIRMED.

*Carter, Nortoni & Jones* for appellant.

*Karl E. Lubke* for respondent.

(1) Under the common law of England a minor child had no right of action against its parent for support or on account of any tort committed by the parent against said minor. Rawling v. Rawling, 7 A. L. R. 1259; Huke v. Huke, 44 Mo. App. 308; McKelvey v. McKelvey, 111 Tenn. 388, 77 S. W. 664; 29 Cyc. 1614, 1663; Roller v. Roller, 79 Pac. 788; Hewlett v. George, 68 Miss. 703, 13 L. R. A. 682; Caldwell v. Hennen, 5 Robin. 20; Taubert v. Taubert, 103 Minn. 247. And cases cited in said authorities. (2) There are no statutes in the State of Missouri granting to a minor child the right to bring suit against its parent.

NIPPER, C.—Plaintiff, as guardian of the seven minor children of the defendant, brought this action in the circuit court of St. Louis county, Missouri, by a petition, wherein it is alleged that defendant, without any cause, abandoned and deserted his minor children, and failed and refused to contribute to the support of any of them, or to make any provisions for their maintenance, and that they are without means of support, depending upon the charity of others therefor. It is also alleged that defendant owns a valuable farm in St. Louis county, and earns from $350 to $500 a month as a life insurance agent. Plaintiff asked that the defendant be required to pay her as such guardian a reasonable sum each month for the support and maintenance of the suit, and that on final hearing a reasonable sum for the support and maintenance of the children be awarded her. The defendant demurred to the petition, and the court sustained such demurrer. From this action plaintiff appealed to this court.

Plaintiff contends that the father is under a legal obligation to support his minor children, and that the plaintiff has a right to maintain this action to compel the defendant to advance a reasonable amount to maintain and support them. The defendant argues that a minor child has no right of action against its father for support, and that the duty of a father to support his

minor children is only a moral duty and not a legal one, To support this argument, defendant relies upon the case of Huke v. Huke, 44 Mo. App. 308. In that case, a daughter, seventeen years of age, filed a petition in equity against her father for support and maintenance. It is there said:

"No instance is found in the books, where such an action as the present has been maintained, either at law or in equity."

It was stated in that case that by the common law of England a father is not bound to support his infant child in the sense that the obligation has any legal sanction, and that, no action can be maintained against him without the aid of statute to compel him to discharge his natural duty; that a father is not liable as upon an implied contract to a stranger who furnishes necessaries for the support of his infant child.

We have given considerable thought and consideration to the question here involved, and, strange as it may seem, this identical question has seldom arisen in American courts. The general form of action in such cases, and the one which seems to be followed most generally, is an action to recover for maintenance and support furnished the minor children, the action to be maintained by a third party. Perhaps the most thorough discussion of this question to be found in any one case is that of Rawlings v. Rawlings, 121 Miss. 140, 7 A. L. R. 1259. In that case six minor children brought suit against the father, in which they asked that the court ascertain and fix a definite monthly allowance to be paid them. There was a divided opinion. From the majority opinion we quote:

"We recognize to the fullest extent the obligation of a parent to support his infant child, and nothing said in this opinion would discount in the least this primary obligation, imposed by the law of nature. The question before us is one as to the remedy in the case made by the bill."

Many authorities are there cited and reviewed to support the rule that the remedy is more commonly worked out by holding that, if the father leaves his children destitute,, he confers on any one who finds them in that condition an agency to supply them with necessaries. A statute was referred to in that case very similar to our own with respect to the right of the court to make orders touching the care, custody, and maintenance of the children in divorce proceedings; but, as no statute authorizes the institution of a suit by a minor against his or her father, the court refused to enlarge the jurisdiction of chancery beyond that indicated by the statute. It is there held that the repose of families and best interests of society forbid such actions by a minor child against its parents, because it would open the door of the courts to any unruly or disobedient child who may complain at either the amount or kind of support and maintenance provided by the father, and, it is said:

"If the chancellor can fix in advance the amount of support each dissatisfied child must receive, then is parental authority superseded by judicial *fiat,* parental discipline swept away by self-assertion and disobedience on the part of the children, and the integrity of the home, the corner stone of society, is undermined."

There is a very strong dissenting opinion in that case, but we are inclined to adhere more nearly to the law as announced in the majority opinion. However, we may add with respect to Huke v. Huke, supra, that, by virtue of some of the language used therein, some courts and text-writers have proceeded upon the theory that this case holds that the duty of the father to support his minor child is only a moral duty. We do not so construe it, for it is stated that under our law a father is liable to a stranger for necessaries furnished his infant child. A father owes his infant children the duty to support them; and in Mihalco v. Holub, 130 Va. 425, we find the following language with respect to this question. After holding that the father owed this duty

to his infant children, it is stated: "This, by the weight of American authorities, founded upon common sense and natural justice, is a legal and not merely a moral obligation." [See also, Finn v. Adams, 138 Mich. 258.]

This court, in Rankin v. Rankn, 83 Mo. App. 335, l. c. 340, quoted with approval, Bishop on Marriage, Divorce and Separation, wherein it is said that "parents are required by law to maintain their offspring;" and where ·a third party supplies the minor children with the necessaries, a recovery may be had to that extent without proving any agreement other than that implied by law for the fulfilment of the father's duty to the child. Even where a decree of divorce is granted, and nothing is said with respect to their maintenance, it is the duty of the father to support them. [Robinson v. Robinson, 268 Mo. 703, 186 S. W. 1032.] Children born in wedlock have rights of their own to support from the father, and he may be compelled to answer for their necessaries of life. [Kershner v. Kershner, 202 Mo. App., 238, 216 S. W. 547.] In Dunbar v. Dunbar, 190 U. S. 340, l. c. 351, it is said: "At common law, a father is bound to support his legitimate children, and the obligation continues during their minority. We may assume this obligation to exist in all States."

Our conclusion is that the father's duty to support the minor children is not only a moral but a legal duty, but that the statute does not prescribe or provide for this particular form of remedy, and that the minor children cannot maintain this direct action against their father, compelling a court of chancery to make a specific allowance in advance for their support and maintenance. In 20 R. C. L., page 623, it is said: "The practical difficulty which undoubtedly led some courts to hold that the father's duty to support was only a moral duty, is as to the method of enforcement." In 29 Cyc., page 1663, it is said that actions by children against their parents are not to be encouraged. If this was an action for board and lodging, or necessaries furnished the minors, either by the guardian or a third party, we

would have an entirely different situation before us. [Rawlings v. Rawlings, supra.]

It follows, therefore, that the action of the trial court in sustaining a demurrer to plaintiff's petition was authorized and warranted by law. The Commissioner recommends that the judgment be sustained.

PER CURIAM:—The foregoing opinion of NIPPER, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Allen, P. J., Becker* and *Daues, JJ.,* concur.