GEORGE BODEN, GUARDIAN, ETC., RESPONDENT, v. JOSEPHINE B. JOHNSON, APPELLANT.—47 S. W. (2d) 155.

Kansas City Court of Appeals.   February 1, 1932.

*Thos. E. Deacy* and *Jacobs & Henderson* for respondent.

*McAllister, Humphrey, Pew & Broaddus* for appellant.

ARNOLD, J.—This is an appeal from a final decree and judgment of the circuit court of Jackson county, Missouri, at Kansas City. The cause was before us on a former appeal which we dismissed

because premature. Our opinion therein is reported in 23 S. W. (2d) 186, and contains a full and complete statement of facts of the case.

Plaintiff filed his "amended bill in equity" on June 20, 1928, stating he is the duly qualified and acting guardian of the estate of Frederick G. Boden, minor, and that he brings this action for and in behalf of said minor. That Frederick G. Boden is the owner of an undivided one-half interest in certain described real estate; that said property is now in the hands of defendant, who, for three years past has collected the rents thereon and has failed and refused to account to said minor for his interest therein; that demand for an accounting has been made and refused. The bill prays that defendant be required to make an accounting of the income collected and received and of the income which she has allowed Earl Johnson (her husband by a second marriage) to collect and retain, and that plaintiff, as guardian, have and recover from defendant such sum as the court might determine was the interest of the minor, Frederick G. Boden, in the income collected, received and retained by defendant or the said Earl Johnson; that defendant be removed as trustee for said Frederick G. and Loretto Boden, and a new trustee be appointed in her place; that a receiver be appointed to take charge of and manage said property, and for such other and further relief as to the court may seem just and proper.

The answer of defendant states that by the terms of a contract entered into between her and plaintiff on October 6, 1921, it was expressly agreed that defendant should not be required to account for any income or moneys received according to the terms of said contract and that no action for an accounting should be brought against her.

The cause came on for trial on September 19, 1928, and thereafter an interlocutory order was entered requiring defendant to make an accounting. It was from this decree and judgment the former appeal was taken, with result above indicated.

Thereafter, and on May 2, 1930, the cause came on for further hearing, both parties being present in person and by attorneys. It was agreed defendant had not complied with the order of the court as to paying any part of the income from the property to plaintiff. Counsel for defendant suggested:

"The question is whether or not she has anything left over . . . after taking care of the daughter and paying the upkeep of the property; and as I understand it now, he is to make a showing —although I am going to raise the point at the end of it of the fact that this bill doesn't state any equity—that if the plaintiff has any cause of action in a suit at law for breach of the contract we are ready to go ahead and make a showing to the court on the merits of the case."

The court then proceeded to hear evidence relative to amounts received from the rental of the property and expenditures thereof which it is unnecessary to set out in detail here. It was shown that the boy, Frederick, left his mother's home soon after her remarriage, and thereafter lived with his father. On the first hearing, there was no showing as to the amount of income received by defendant, and no accounting thereof was made. At that hearing it was shown that since her second marriage, defendant and her husband, Johnson, had collected the rents from said property and had deposited and maintained their funds in a joint bank account. We find the evidence at the second trial sufficiently substantial to support the decree of the court hereinafter set out. Defendant testified from books and accounts kept by her and her husband, referring occasionally to rentals from the real estate in question as "the children's money." At the close of the evidence, the following occurred:

"MR. BROADDUS: I want to make an objection—the defendant demurs to the bill in this case on the ground that it sets forth no facts constituting an action in equity; that if the plaintiff has any cause of action against this defendant under the deed and under the contract it is an action at law on the contract. The defendant also makes the objection to the entire proceedings that this plaintiff who is a minor under the law of Missouri cannot maintain an action either at law or in equity against his mother to compel her to maintain and support him, there being no law or statute in this State which authorizes any such proceeding. And for another reason, that under the deed and the contract the proceeds derived from these two storerooms belong to the defendant Josephine Boden and will, until October, 1936, and that this suit is prematurely brought. The defendant again renews her objection that under the contract it is specifically provided that she is not entitled—she be not required to account. That is all.

"THE COURT: Well, I have a lot of confidence in Mr. Broaddus as an attorney and I am afraid of his objections, and at the same time I have the bull by the horns and if necessary to enforce what I think is justice here, I will appoint a receiver; and I will ask counsel to prepare an order upon the defendant to pay the guardian of plaintiff one thousand dollars as for an accounting, and that she henceforth pay to the plaintiff monthly one-half of the net income from the real estate involved.

"MR. BROADDUS: That is the judgment of the court?

"THE COURT: Yes. I am reserving jurisdiction in the matter, too, because I may appoint a receiver."

Thereafter, on May 5, 1930, the court entered the following decree and judgment:

"Now on this day the above entitled cause comes on for trial; comes the plaintiff in person, and by his attorney, and also comes the defendant in person and by her attorney and the court having heard the testimony offered by the parties and statements of counsel, and being fully advised in the premises, finds that the interlocutory decree heretofore entered in this cause should be made final; and the court further finds that Frederick G. Boden is the owner of an undivided one-half interest in and to the following described real estate, to-wit:

"All of Lot Four (4), Block Four (4) Ontario, a subdivision of land in Kansas City, Jackson county, State of Missouri,

"And that on the second day of February, 1928, by interlocutory judgment entered in this cause the defendant was ordered and directed to make an accounting in this cause of action of the income collected and received from said property hereinbefore described, to the date of the hearing of this cause of action; and the court further finds that said defendant has failed to do so; and the court from the evidence offered by the parties hereto finds that the defendant herein is indebted to the plaintiff in the sum of one thousand dollars by reason of income collected and received from said property, and not applied to the use and benefit of the said Frederick G. Boden, and that by reason thereof, plaintiff should recover of and from the defendant said sum of one thousand dollars; that the court further finds that the plaintiff herein, until the said Frederick G. Boden shall arrive at the age of twenty-one years, is entitled to have and receive one-half of the net income from said property.

"It is therefore considered, ordered, adjudged and decreed that the plaintiff herein have and recover of and from the defendant the sum of one thousand dollars in cash, together with the costs of this action, and that execution issue therefor.

"It is further adjudged and decreed that the defendant herein pay over to the plaintiff, as guardian and curator of the estate of Frederick G. Boden, one-half of the net income which may be derived from said property from this date until the said Frederick G. Boden shall arrive at the age of twenty-one years."

Defendant's motion for a new trial was overruled and she appeals.

While there are ten alleged errors enumerated in the motion for a new trial, they are fully covered in the points and authorities under five subheadings which will be discussed in order.

The first point urged in support of the appeal is that plaintiff's bill does not state facts sufficient to constitute a cause of action at law or in equity, and the court erred in not dismissing the suit. It is insisted that, in its final analysis, this is an action by a minor to compel its parent to support it, because the bill alleges said "Josephine B. Boden should have the use of the income from said real estate until the 29th of October, 1936," and that the income belonged

to her and to no one else. It is argued that although defendant did contract and agree to support the younger Boden out of that income, she would be in the same position as a father upon whom the law fixes the primary duty to support his child; yet the law of the State is that a minor child has no right of action in equity against its father to compel him to maintain and educate it during its minority. [Citing Huke v. Huke, 44 Mo. App. 308; Worthington v. Worthington, 212 Mo. App. 216, 253 S. W. 443; Glaze v. Hart, 36 S. W. (2d) 684, 686.] That this is the law is conceded by plaintiff but it is said plaintiff's action is not an attempt to compel the mother to support a minor child, but is to compel the mother as trustee for the minor, to make a proper distribution of the profits derived from the real estate in question, under the terms and provisions of the instrument creating the trust. An examination of the bill is convincing that plaintiff's view is correct. In her statement of facts, defendant concedes the right given her to collect the rents until October, 1936, was as trustee for the two children.

It is necessary at this juncture to consider the contract and determine whether it did, in fact, declare a trust. It will be seen by examination of the new contract, entered into October 6, 1921, the following clause appears therein:

"It is understood and agreed that the parties hereto desire to make some provision for the care and custody, also support of their children, to-wit, Frederick G. Boden and Loretta Boden," and,

"In further consideration of the deeding of a certain two-room building which now stands in the name of the first party, to the second party in trust for the children of the first and second parties, as hereinbefore mentioned, the income of which is eighty-five dollars per month, and,

"It is further understood that the said second party will not be required to account for the expenditure of said eighty-five dollars per month, or whatever income on said store building may be, but when said children reach their majority, title in said property shall be vested in them. That is to say, it is understood that this building is deeded in trust to the mother for the benefit of the children and to become the absolute property of the children when they reach their majority.

"It is further understood and agreed that said second party undertakes to support and maintain said children out of the income of said property so deeded in trust to her for said children; that is to say, she is hereby contracting, for and in consideration of the sum of eighty-five dollars per month so received from the income of said building, to support and maintain said children. The said first party agreeing, however, to pay the interest on a certain loan of

$2500, on said property so deeded in trust, and to pay for the renewal of said loan until said children reach the age of twenty-one years.''

The record discloses that on October 8, 1921, George Boden and his second wife, Maude S. Boden, executed a warranty deed, transferring the property to Frederick G. and Loretta Boden, with the following restriction:

''The use of the same being further restricted as follows: That Josephine B. Boden, the mother of Frederick G. Boden and Loretta Boden, minors named herein as grantees, shall have and enjoy the entire use and income from the said real estate until the 29th day of October, 1936, according to the terms of a certain agreement made between George Boden and Josephine Boden, made October 6, 1921.''

Thus the deed refers to the contract for its meaning and construction. These matters are all mentioned in the bill, wherein it is alleged a trust was declared for the support and maintenance of the two children named. This fact is admitted in defendant's brief, where it is stated:

''Among other things this contract provided that respondent should convey a certain building, the premises involved in this controversy, to appellant in trust for the two children of the marriage.''

No special form of words is necessary to create an express trust. An express trust is one defining and limiting the uses and purposes to which the certain property shall be devoted, and defines the duties of a trustee as to its control, disposition and management. [Darling v. Buddy, 318 Mo. 784, 1 S. W. (2d) 163; Heil v. Heil, 184 Mo. 665, 676, 84 S. W. 45; Meyer Milling Co. v. Strohfield, 4 S. W. (2d) 864.] It was held by the Supreme Court in Davies v. Keiser, 297 Mo. 1, 246 S. W. 897, 900:

''The magic set of phrases or the use of particular words is not necessary to the creation of a trust. Whether one exists or not is to be determined from the purpose of the parties as indicated by the language employed. If it appears from the whole instrument that it was the intention of the parties that the property was to be dealt with by the party holding the legal title for the benefit of another, equity will affix to the transaction the character of a trust and impose upon the party holding the legal title such duties as are necessary to the performance of same.''

Defendant insists this action cannot be maintained because it is an effort on the part of a child to require its parent to support it. We do not so construe the facts herein. We hold plaintiff to be correct in the position that defendant in trustee for her minor son, and this being true, defendant may not say, merely because the relation of parent and child exists, the trustee may not be held to account for the proceeds of the trust. This point is held to have been de-

termined as far back as the case of Bobb v. Bobb, 89 Mo. 411. [See also Miller v. Miller, 148 Mo. 113, 49 S. W. 852.] Therefore, under the facts and the law as above declared, it must be held the bill states facts sufficient to constitute a cause of action in equity.

Defendant makes the further point under the assignment just discussed, that a request for an accounting does not justify the court's aid in equity. That is true where the question of a trustee is not involved. But that is not this case. In Shelton v. Harrison, 167 S. W. 634, 182 Mo. App. 404, the rule applicable to courts of equity as to trust property is stated as follows:

"The establishment of trusts and the enforcement of trust relations is one of the ancient grounds of equity jurisprudence."

An action for money had and received will not lie. [Wittich v. Wittich, 263 S. W. 1001.] Our ruling is against defendant on this point.

Defendant insists that under the terms and provisions of the contract, she may not be held to account, placing much reliance upon the clause therein contained which reads:

"It is further understood that said second party shall not be required to account for the expenditure of said eighty-five dollars per month, or whatever the income on said store building may be."

It is conceded by plaintiff that if defendant had expended the income from the trust property to the use of the two children, under this clause, the character and correctness of the expenditures could not be questioned. Plaintiff is not questioning the propriety of the expenditures made, but bases his inquiry upon the fact that the trustee failed and refused to use the income for the benefit of the *cestui que trust*. We hold the clause so relied on by defendant cannot aid her in the dilemma in which she has placed herself. Defendant seems to take the position that, under the contract and deed construed together, she was privileged to expend the income from the trust property in any way she saw fit, regardless of the trust, and that she should not be required to account. This position cannot be upheld. While it is true the deed recites:

"The use of the same being further restricted, as follows: That Josephine B. Boden, the mother of Frederick G. Boden and Loretta Boden, minors named herein as grantors, shall have and enjoy the entire use and income from the said real estate herein until the 29th day of October, 1936, according to the terms of a certain agreement made between George Boden and Josephine Boden, made October 6, 1921."

Yet, it says in plain terms that it is to be understood "according to the terms of a certain agreement," etc. Thus referring to the contract, it is clear the deed and contract construed together gave defendant no right thereunder to appropriate the proceeds from

the trust estate to her own use. Our Supreme Court, in the case of Plummer v. Roberts et al., 315 Mo. 627, 659, 287 S. W. 316, quotes from Hardenburgh v. Blair, 30 N. J. Eq. 645, as follows:

"Trusts are always imperative, and while a court of equity would not ordinarily interfere with the discretion of a trustee fairly exercised, yet it will not permit the discretion to be so exercised as to defeat the substantial purpose of the trust."

See also Murphy v. Charlin, 113 Mo. 112. We quote from Arnold v. Brockenbrough, 29 Mo. App. 625, 639:

"The funds so placed in his hands were essentially trust funds. He took and held them subject to all the limitations and restraints placed upon them by the donor in the trust instrument. Like a charity, a gift for a particular purpose and specified use cannot be altered or diverted by the trustee or beneficiary. It is precisely what the deed of its creation has made it. It must be accepted and applied upon the precise terms on which it was given, and no concurrence among the donees can operate to transfer or apply it to other purposes, or in any other mode than that prescribed by the donor." [Citing McRoberts v. Moudy, 19 Mo. App. 26; 1 Perry on Trusts, secs. 251, 254.]

We rule this point against defendant.

Under Point 3, defendant contends the restriction in the deed precludes the ward from demanding an accounting. We have already sufficiently covered this point. As we view the record, plaintiff's ward was one of the beneficiaries of an express trust, and under the terms of the contract all income collected from the trust property was held in trust for the use of the children named in the trust contract and deed.

Under Point 4, defendant insists the deed must be construed together with the contract. This is not contradicted by plaintiff. Construing the two instruments together, we rule there was an express trust established thereby, and defendant may not be permitted to divert the trust income from the course established by the contract. It is the obvious intent of both instruments that defendant should maintain the children out of the income derived from the property; that she should receive and expend same for the benefit of the children. Defendant states she spent none of the income for the benefit of plaintiff, and this point is undisputed.

Under Point 5, it is argued plaintiff's ward stands in the position of a beneficiary under a contract between two other parties, he not being a party thereto. This position is of no aid to defendant. As we have already decided the contract herein created an express trust in behalf of Frederick G. Boden as beneficiary, and his rights are clear.

Some point is attempted to be made of the fact that the minor left defendant's home and thus placed himself in a position where it was impossible for defendant to extend to him his portion of the benefits accruing to him, under the trust agreement. This position is untenable in view of the fact of record that the boy left his mother's home and went to his father by agreement of all parties concerned. It hardly could be successfully contended that the boy thus placed himself where defendant could not have extended to him the use and benefit of his just portion of the trust fund. Defendant cites the case of Jones v. Comer, 77 S. W. (Ky.) 184, as supporting her position. That case is distinguishable from the case at bar in that no question of a trust was there present, and it was only an action at law on a contract where there was no agreement creating a trust relationship. Defendant, in her able brief, discusses many correlated points, yet, boiled down, there are just three general assignments of error and these we have considered and determined, as follows: (1) That plaintiff's bill does not state facts sufficient to constitute a cause of action; (2) that under the terms of the contract defendant should not be required to account, and (3) that plaintiff, by his conduct, had rendered it impossible for defendant to perform her duties under the contract.

There is no point raised as to the amount adjudged to plaintiff in the decree. We fail to find any reversible error of record. The decree and judgment are for the right party and should be affirmed. It is so ordered. All concur.