**Roy ABSHER et al., Plaintiffs-Appellants,**

v.

**Eldon COOPER et al., Defendants-Respondents.**

No. 9251.

Missouri Court of Appeals,
Springfield District.

May 17, 1973.

Claude E. Arnold, Dexter, for plaintiffs-appellants.

Paul McGhee, Dexter, for defendants-respondents.

TITUS, Chief Judge.

Six plaintiffs, "on behalf of themselves and all other taxpayers of the City of Dexter," instituted this action for a declaratory judgment (Rule 87, V.A.M.R.) against the city's treasurer and members of its board of aldermen. In substance, the petition averred the board, contrary to § 79.160 RSMo 1969,[1] V.A.M.S., had failed in 1970 to semiannually make out, spread upon its records and publish "a full and detailed account and statement of the receipts and expenditures and indebtedness of said City," and that the treasurer thereafter, contrary to § 79.165 RSMo 1969,[2] V.A.M.S., had

---

1. Sec. 79.160: "The board of aldermen shall semiannually in January and July of each year make out and spread upon their records a full and detailed account and statement of the receipts and expenditures and indebtedness of the city for the half year ending December thirty-first and June thirtieth, preceding the date of such report, which account and statement

shall be published in some newspaper in the city."

2. Sec. 79.165: "In the event the financial statement of any fourth class city is not published as required by section 79.160, the treasurer of such city shall not pay out any money of the city on any warrant or order of the board of aldermen after the

paid out city moneys. Plaintiffs' pleading terminated with a prayer "that the Court declare the rights of the Plaintiffs and the duties of the Defendants under the facts herein stated and of the Statutes . . . and determine the rights and duties of the Defendants; that the Court determine that under the correct construction of said Sections, the Defendants cause to be made a full and detailed account and statement of receipts and expenditures of the City . . ., and that the same be published as provided by law; and that the Treasurer be ordered to comply with Section 79.-165." Defendants' answer denied the principal allegations of the petition and asseverated that it failed "to state a claim against defendants upon which relief can be granted." After the paper issues had thus been joined, plaintiffs propounded interrogatories to the aldermen who answered, "Yes, as we understand the requirements of the law," they had "made out and spread upon [the] records [and] published in some newspaper in the City [semiannually] a full and detailed account and statement of the receipts and expenditures and indebtedness of the City" for 1970. A copy of the financial statements so prepared, spread and published were attached to the interrogatory answers as requested. Upon the pleadings, interrogatories and answers thereto the trial court labored and came forth with an order dismissing plaintiffs' petition. It reasoned plaintiffs had "no legally protectible interest at stake sufficient to allow them to maintain this suit;" that they had "failed to prove an existing justiciable controversy between persons whose interests are adverse in fact;" and that the "cause does not present a case admitting of specific relief by a judgment conclusive in character and determinative of the issues involved." In fine, the court nisi "in the exercise of its discretion [found] that declaratory relief should be denied." Plaintiffs appealed. We believe the trial court was correct.

■ Rule 87.02(a) recites that "Any person . . . whose rights, status or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status or other legal relations thereunder." Nevertheless, to qualify as "any person" under the rule, a party seeking a declaratory judgment must have a legally protectible interest at stake [Waterman v. City of Independence, 446 S.W.2d 471, 474 [4] (Mo. App.1969)], and the question presented must be appropriate and ready for judicial decision. City of Joplin v. Jasper County, 349 Mo. 441, 444, 161 S.W.2d 411, 413 (1942). A legally protectible interest contemplates a pecuniary or personal interest directly in issue or jeopardy which is subject to some consequential relief, immediate or prospective. Borchard, Declaratory Judgments, 2d Ed., p. 50. To be appropriate for judicial decision, the cause must present a justiciable controversy, i. e., an actual controversy between persons with interests adverse in fact which admit of specific relief through a conclusive decree as distinguished from a decree only advisory in character. State ex rel. Chilcutt v. Thatch, 359 Mo. 122, 129, 221 S.W.2d 172, 176 [5–7] (banc 1949). In order for plaintiffs to maintain this action, they were required to plead and prove that their interests in the subject matter of the litigation were peculiar to them as distinguished from that of the general public [State ex inf. Wallach v. Schneider's Credit Jewelers, 243 S.W.2d 125, 128 (Mo.App.1951)], otherwise they would stand no better before the court than a private individual who seeks to enforce the law without demonstrating how his special private interests

end of the month in which such financial statement is required to be published until such time as said financial statement is published. Any treasurer violating the

provisions of this section shall be deemed guilty of a misdemeanor and punished according to law."

or rights are affected in any way. Contracting Plumbers Ass'n v. City of St. Louis, 249 S.W.2d 502, 504 (Mo.App.1952).

We agree with the trial court that plaintiffs, simply representing themselves as taxpayers, did not plead or prove that they were possessed of a legally protectible interest sufficient to allow them to maintain this suit; neither did they demonstrate that a judicial controversy existed because actions become merely advisory when there is an insufficient interest either in plaintiffs or defendants to justify judicial determination. Spencer v. Village of De-Kalb, 408 S.W.2d 78, 80 (Mo.1966). Plaintiffs neither pleaded nor proved that they had an interest in the subject matter of this action which differed from that possessed by the public generally. They did not undertake to show how the alleged conduct of the defendants invaded or will invade a private substantive legally protected interest recognized at common law or as created by statute. 1 Anderson, Actions for Declaratory Judgments, § 159, at p. 310. A taxpayer whose personal rights are not involved and cannot be affected, does not have the right to maintain an action for a declaratory judgment. 26 C.J.S. Declaratory Judgments § 118, at p. 270. Whatever annoyance (real or imagined) plaintiffs and the other taxpayers of the City of Dexter may have felt because of the actions of the board of aldermen and the treasurer by their interpretation of the involved statutes was not a sufficient basis for the exercise of the court's jurisdiction. "A mere difference of opinion or disagreement or argument on a legal question affords inadequate ground for invoking the judicial power." Borchard, Declaratory Judgments, supra, p. 77; Jacobs v. Leggett, 295 S.W.2d 825, 834 (Mo. banc 1956).

The judgment is affirmed.

STONE, and HOGAN, JJ., concur.

BILLINGS, J., took no part in the consideration or determination of this opinion.