Myra Lea PHILLIPS as guardian ad litem for Nicole Michelle Phillips and Kelea Marie Phillips, Appellant,

v.

MISSOURI DEPARTMENT OF SOCIAL SERVICES CHILD SUPPORT ENFORCEMENT DIVISION, Respondent.

No. 68118.

Supreme Court of Missouri, En Banc.

Jan. 13, 1987.

Rehearing Denied Feb. 17, 1987.

Norman W. Lampton, Columbia, for appellant.

William L. Webster, Atty. Gen., William E. Cornwell, Asst. Atty. Gen., Jefferson City, for respondent.

RENDLEN, Judge.

The essential facts are not in dispute and appear to be as follows: In 1981, the Circuit Court of Audrain County, in a civil proceeding there, entered a judgment ordering Kenneth Phillips to pay child support for Shannon Littrell, his child born out of wedlock to him and Barbara Long. In the years that followed Phillips became delinquent under the judgment for child support, and respondent, who had supplied aid for the dependent child because of Kenneth Phillips' delinquencies, as the assignee of Barbara Long ordered execution and garnishment in aid thereof to collect the amounts due upon said judgment from the wages of Kenneth Phillips. Sometime after Shannon's birth, Kenneth Phillips married Myra Lea Phillips, and two daughters, Nicole and Kelea Phillips, were born of the

marriage. Myra Lea Phillips, as guardian ad litem for Nicole and Kelea, filed a petition in the Circuit Court of Boone County on January 17, 1986, seeking a temporary restraining order to prevent respondent from garnishing Kenneth Phillips' wages. That proceeding, No. 319803, came on for hearing, and after evidence was taken and argument heard, the cause was submitted to the circuit court and judgment was entered on January 22, 1986, denying plaintiff's claim for equitable relief and costs were "taxed against Petitioner."

■ Thereafter the guardian ad litem filed two petitions in the Circuit Court of Boone County, one for declaratory judgment and the other for "preliminary and permanent injunction." Those actions were combined and filed as case # 319803–01 and a single summons issued directing the Missouri Department of Social Services as defendant to appear within thirty days from the date of service. By her petitions, the guardian ad litem sought a declaration that §§ 452.140, RSMo 1978, and 454.505, RSMo Cum.Supp.1984, were unconstitutional as denying Nicole and Kelea their rights to due process and equal protection under U.S. Const. amends. V and XIV and "similar provisions of the Missouri Constitution,"[1] and to enjoin respondent from proceeding with the pending garnishment in

aid of execution under the judgment of the Circuit Court of Audrain County. The defendant, respondent here, moved to dismiss the petitions and the circuit court after considering the pleadings as well as the argument of counsel, on April 9, 1986, sustained respondent's motion to dismiss for failure to state a claim upon which relief could be granted, and it is from that judgment that the guardian ad litem appealed.[2] Because the validity of a statute is in issue, the cause falls within the exclusive appellate jurisdiction of this Court. Mo. Const. art. V, § 3.

As noted above there is no challenge to the efficacy of the Audrain County judgment ordering Kenneth Phillips to provide support for his minor child Shannon and no dispute as to the fact of his delinquencies. Neither is any question raised concerning the manner of issuance or the form of the execution and writ of garnishment in aid thereof. Instead appellant contends that under the garnishment statutes[3] the holding of a portion of Kenneth Phillips' wages would deny Nicole and Kelea: (1) due process in that they would be unconstitutionally deprived of their interest in their father's wages without notice and hearing; and (2) equal protection in that they will be unconstitutionally discriminated against if 55% of Kenneth Phillips' wages are gar-

---

1. In her petitions for declaratory judgment and preliminary and permanent injunction, the guardian ad litem additionally raised U.S. Const. amend. VI. We are unable to discern the substance of her Sixth Amendment claim, and no Sixth Amendment claim is raised on appeal.

2. Appellant filed as a portion of the transcript on appeal certain testimony admitted in evidence and considered by the court in case no. 319803 in which judgment was entered January 22, 1986. No appeal was taken from the judgment in that case which is now final. Respondent has moved to strike the above-mentioned portion of the record and that motion has been taken with the case. Appellant urges that the testimony from the prior case should have been and was in fact considered by the trial judge, who according to appellant took judicial notice of such testimony. The record belies this assertion and nothing indicates that any part of the record or testimony from the previously concluded case was offered or admitted in the case at bar. The provisions of Rule 81.12(b) pre-

clude the inclusion of any part of an abandoned record not introduced into evidence. *A fortiori* a record of a prior discrete proceeding not introduced in evidence in the subject case which is the matter now before us should not be included in the record on appeal, accordingly respondent's motion to strike must be sustained. We have however examined the entire transcript and find that the improperly included portions are essentially immaterial to the issue to be decided on this appeal; instead, the relevant facts for our consideration are contained in the combined petitions of appellant.

3. Appellant in her petitions cited specifically to §§ 452.140, RSMo 1978, and 454.505, RSMo Cum.Supp.1984, and generally to Chapter 454. In her brief on appeal, in her points relied on, appellant cryptically refers to "the Missouri garnishment statutes," although in her jurisdictional statement she refers specifically to §§ 525.-030, RSMo 1978, and 454.505, and generally to Chapters 454 and 525.

nished for Shannon's support, because assuming 100% of his wages are available for the support of his children, such garnishment would leave only 22.5% of Kenneth Phillips' wages for each of them.

Reviewing the dismissal of appellant's petitions, we allow the pleadings their broadest intendment, treat all facts alleged as true and construe the allegations favorably to appellant. *Martin v. Crowley, Wade & Milstead, Inc.*, 702 S.W.2d 57 (Mo. banc 1985). A motion to dismiss presents the question whether plaintiff has stated enough to invoke substantive principles of law which entitle him to some relief. *City of Creve Coeur v. Creve Coeur Fire Protection Dist.*, 355 S.W.2d 857, 859 (Mo. 1962). In this case, Nicole and Kelea fail to state a claim entitling them to relief because they lack standing to challenge the garnishment of Kenneth Phillips' wages. They were in no way involved in, nor parties to, the original Audrain County trial and judgment to which this garnishment proceeding is ancillary. "The requirement that a party have standing to bring an action is a component of the general requirement of justiciability." *Harrison v. Monroe County*, 716 S.W.2d 263, 265 (Mo. banc 1986). In an action for declaratory judgment or one of injunctive relief, the criteria for standing is whether the plaintiff has a legally protectable interest at stake. *Schweig v. City of St. Louis*, 569 S.W.2d 215, 223 (Mo.App.1978). "A legally protectible interest contemplates a pecuniary or personal interest directly in issue or jeopardy which is subject to some consequential relief, immediate or prospective." *Absher v. Cooper*, 495 S.W.2d 696, 698 (Mo.App.1973).

Nicole and Kelea lack the legally protectable interest in the wages to be garnished required to afford them standing. Their father's common law duty to support his children, *e.g., State ex rel. Division of Family Servs. v. Standridge*, 676 S.W.2d

513, 515 (Mo. banc 1984), does not provide them sufficient standing to bring the actions contemplated here. A father's financial status does not determine his duty to support his family, *id.* at 517, and garnishment of Kenneth Phillips' wages will not affect his *duty* to support Nicole and Kelea. There has been no adjudication of the monetary extent of Kenneth Phillips' duty to Nicole and Kelea. To grant Nicole and Kelea standing to proceed with their petitions would not only allow them to collaterally attack a valid judgment of the Circuit Court of Audrain County and its ancillary proceedings in which *they* were neither interested nor parties, but would also effectually allow them to collaterally enforce their father's duty to support in a proceeding which *he* is not a party, notwithstanding the fact that minor children cannot themselves maintain a direct action against their father to enforce his legal duty to support them. *E.g., Glaze v. Hart*, 225 Mo.App. 1205, 36 S.W.2d 684, 686 (1931); *Worthington v. Worthington*, 212 Mo.App. 216, 253 S.W. 443, 444 (1923). To create the fiction of standing for Nicole and Kelea would impermissibly allow a collateral attack upon the judgment of the Circuit Court of Audrain County and alter the ancillary nature of the garnishment process.

Appellant's petitions for declaratory judgment and preliminary and permanent injunction were properly dismissed.[4]

Judgment affirmed.

HIGGINS, C.J., and BILLINGS, BLACKMAR and ROBERTSON, JJ., concur.

DONNELLY, J., concurs in result in separate opinion filed.

WELLIVER, J., concurs in result and concurs in separate concurring in result opinion of DONNELLY, J.

---

4. Appellant's claim for error in the circuit court's denial of her request for a temporary restraining order is without merit for the reasons set out above and for this further reason that refusal to issue a temporary restraining order is not an appealable order. *Goldman v. Hoehn*, 228 Mo.App. 202, 64 S.W.2d 733, 734 (1933).

DONNELLY, Judge, concurring.

The garnishment in aid of execution of the judgment in the Circuit Court of Audrain County does not, in my view, give rise to a "logical nexus between the status asserted and the claim sought to be adjudicated." *Flast v. Cohen*, 392 U.S. 83, 102, 88 S.Ct. 1942, 1953, 20 L.Ed.2d 947 (1968).

However, the interests of Nicole and Kelea in being supported clearly are protectible and I would reserve the question whether they may seek in Audrain County a modification of the child support order.

I concur in the result.