**STATE ex rel. J. Marty ROBINSON, Director, Missouri Public Defender System, Respondent,**

v.

**OFFICE OF ATTORNEY GENERAL, State of Missouri, Appellant,**

and

**Office of Administration, State of Missouri, Defendant.**

**No. WD 60656.**

Missouri Court of Appeals,
Western District.

Aug. 6, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 1, 2002.

Application for Transfer Denied
Nov. 26, 2002.

Jeremiah W. (Jay) Nixon, Atty. Gen., Paul Ray Maguffee, Assistant Attorney General, Jefferson City, for Appellant.

Daniel J. Gralike, Public Defender Office, Columbia, June Striegel Doughty, Jefferson City, for Defendant.

PAUL M. SPINDEN, Presiding Judge.

Jeremiah Nixon, Attorney General,[1] appeals the circuit court's declaratory judgment that the Office of Administration cannot provide to the Attorney General or to any other prosecuting attorney copies of billing records concerning expert witnesses hired by the Public Defender or his or her assistants. Nixon challenges the standing of J. Marty Robinson, director of the Public Defender System, to bring this lawsuit. He also argues that, because he had withdrawn his request for the records, the case was moot when the circuit court issued its judgment; that Robinson did not have authority to initiate a declaratory judgment

---

**1.** Although the lawsuit named the Office of Attorney General as defendant, we assume that it was directed at the officeholder and not at his office.

action against another state agency; that a declaratory judgment was improper because an adequate alternative remedy was available and because the case was not ripe; and that the records should have been disclosed under the open records laws. We conclude that Robinson did not have standing to assert this action and reverse the circuit court's judgment.

This dispute erupted when, on April 9, 2001, an investigator in Nixon's office, Joe Dresselhaus, requested that the staff of the Office of Administration's Division of Accounting give him copies of records concerning the Public Defender's payments to Dean Stetler, an expert retained by the Public Defender in a criminal case pending in Franklin County. The defendant in that case was Courvoisier Davis. The division maintained invoices, billing statements, and payment records pursuant to its duties under Chapter 33 of the Revised Statutes.

The division's staff notified personnel in the Public Defender's office of Dresselhaus' request. On April 10, 2001, Daniel Gralike, Robinson's deputy, sent a letter to James Carder, division director, in which he objected to the division's disclosing the records on the ground that they pertained to a legal action.[2] Carder informed Dresselhaus of Gralike's objection and said that he and his staff would not disclose the requested records until it had considered the merits of Gralike's objection.

A week later, before Carder announced a decision, Robinson filed this lawsuit on April 19, 2001. The next day, Dresselhaus withdrew his request for the records. Dresselhaus said that, although he believed the records should be disclosed under provisions of Chapter 610 of the Revised Statutes, he had decided to obtain the records from another source.

Attorneys on Nixon's staff obtained the records through a subpoena issued in the pending criminal case. Courvoisier Davis challenged the admission of the records during cross-examination of Stetler at trial, but the circuit court overruled the objection and admitted the documents into evidence as probative of the issue of Stetler's bias.

After Dresselhaus withdrew his request for the documents, Nixon filed a motion asking the circuit court to dismiss this action on the same grounds asserted in this appeal. The circuit court denied the motion and, on October 2, 2001, entered its declaratory judgment in which it said:

> Except to the extent disclosure is otherwise required by law, the Office of Administration, State of Missouri, shall not disclose to the Office of the Attorney General, State of Missouri, or any local or county prosecuting authority, the invoices, billing statements, and records submitted to the Office of Administration by the Office of the State Public Defender for services rendered by experts made in connection with cases handled by the Office of State Public Defender. Such records are hereby deemed closed under Chapter 610, R.S.Mo.2000, and Section 600.091, R.S.Mo.2000.[3]

---

**2.** Section 610.021, RSMo 2000, says, "Except to the extent disclosure is otherwise required by law, a public governmental body is authorized to close ... records ... to the extent they relate to the following: (1)[l]egal actions, causes of action or litigation involving a public governmental body and any confidential or privileged communications between a public governmental body or its representatives and its attorneys."

**3.** Section 600.091, RSMo 2000, says, "The files maintained by the state public defender office which relate to the handling of any case shall be considered confidential and shall not be open to inspection by any person unless

■ We review the circuit court's judgment by the same standard as we apply in any other civil case decided by the court without a jury: "[T]he [circuit] court's decision should be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Guyer v. City of Kirkwood*, 38 S.W.3d 412, 413 (Mo. banc 2001).[4]

■ Because standing implicates jurisdiction, *Committee for Educational Equality v. State*, 878 S.W.2d 446, 450 n. 3 (Mo. banc 1994); *State ex rel. Williams v. Marsh*, 626 S.W.2d 223, 227 n. 6 (Mo. banc 1982), we begin with that issue. " 'The requirement that a party have standing to bring an action is a component of the general requirement of justiciability.' " *Phillips v. Missouri Department of Social Services Child Support Enforcement Division*, 723 S.W.2d 2, 4 (Mo. banc 1987) (citation omitted).

■ Nixon argues that Robinson "lacked standing to bring the suit in that the only interests asserted in the suit were those of indigent criminal defendants and yet no such person was named as a plaintiff and the plaintiff Director of the Public Defender's Office lacked standing to assert the interests of a third party." He asserts that, although Robinson represents indigent criminal defendants, he lacked a direct, legally protected personal interest; hence, he lacked standing.

■ Robinson responds that his interest in the information is that he oversees and ensures that those he represents "receive quality representation" and in that his duties include keeping and maintaining "proper financial records with respect to the providing of all public defender services for use in the calculating of direct and indirect costs of any or all aspects of the operation[.]" Section 600.042.1(6), RSMo 2000. Granted, he does have these duties, but he does not satisfy us that disclosure of the payment records is likely to interfere with the quality of his representation of indigent criminal defendants. This is because the information sought by Dresselhaus was, as the circuit court ruled in the underlying criminal case, proper evidence pertaining to the bias of the expert retained by the Public Defender. To the extent that the evidence was not admissible, Robinson had an effective countermeasure: object in the criminal action to its use.

Of more significance, records pertaining to payments made to an expert do not bear *directly* on Robinson's professional judgment on behalf of the criminal defendant he was representing. *See State ex rel. Beacon Journal Publishing Company v. Bodiker*, 134 Ohio App.3d 415, 731 N.E.2d 245, 254, 257 (1999) (*mandamus* action seeking Ohio public defender's release of contracts with experts in a particular case, computer records showing time attorneys

___

authorized by law, court order, the commission, or the director."

4. Robinson contends, citing *Hendrickson v. Cumpton*, 632 S.W.2d 512 (Mo.App.1982), that the standard of review in a declaratory judgment action is whether the circuit court's judgment was clearly erroneous. The clearly erroneous standard is no longer the correct standard of review after the Supreme Court declared in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)—six years before Hen-

drickson—that, under a revised Rule 73.01, the standard of appellate review of any case decided by the court without a jury, including a declaratory judgment action, is whether the circuit court's judgment "erroneously declares the law, or ... erroneously applies the law." The Supreme Court added, "The use of the words ... *clearly erroneous* is no longer appropriate in appellate review of cases under Rule 73.01." *Id.* (emphasis in original).

worked on that case, and timesheets of attorneys working on that case).

Robinson also asserts that he has "a personal and protectable interest in the proper discharge of his statutory duties, which includes the protection of the constitutional rights of indigents accused of crimes." The circuit court's order, Robinson contends, "simply allows [him] to provide effective representation by giving indigent defendants the same opportunity as non-indigent defendants to object to the disclosure of certain information."

■ To assert an action for a declaratory judgment, a plaintiff must have a direct, personal interest in the issue in dispute, *Neighbors Against Large Swine Operations v. Continental Grain Company*, 901 S.W.2d 127, 132 (Mo.App.1995), and Robinson's tying his interest to the constitutional interests of the indigents that he represents is further indication of the indirectness of his interest. Constitutional rights are personal to the affected party, and third parties do not have standing to challenge their violation. *Silcox v. Silcox*, 6 S.W.3d 899, 903 (Mo. banc 1999). The defendant in the underlying case—the person whose constitutional rights were at stake—did not act to block disclosure of the records. Robinson did so on behalf of an unnamed set of persons, indigent criminal defendants whom he will represent in future cases. Moreover, the defendant that he represented did not lose an opportunity to object to disclosure of the records that Dresselhaus sought. Indeed, he did object, and the circuit court overruled it. Robinson could not satisfactorily answer our inquiries at oral argument as to why this objection, concomitant with the right of judicial review, was inadequate to provide sufficient safeguards for the defendant. By raising an objection to the circuit court in Davis' underlying case, Robinson seemed to accomplish precisely what

he contends here would be thwarted by the records' disclosure.

Robinson's interest was only indirect. The division's disclosure of the information would not have affected his duties, obligations, or responsibilities as director of the Public Defender System. The circuit court should have granted Nixon's motion to dismiss Robinson's action for lack of standing.

HAROLD L. LOWENSTEIN, Judge, and ROBERT G. ULRICH, Judge, concur.