Missouri Court of Appeals
 Southern District
 Division Two

RANDY FOSTER, JERRY DARTER, )
STANLEY RODERY, SCOTT BUIE, and )
DEWAYNE HENSLEY, )
 )
 Appellants, )
 ) No. SD37204
 vs. )
 ) FILED: February 17, 2022
DUNKLIN COUNTY, MISSOURI, )
 )
 Respondent. )

 APPEAL FROM THE CIRCUIT COURT OF DUNKLIN COUNTY

 Honorable Robert N. Mayer, Judge

AFFIRMED AS MODIFIED

 On December 6, 2018, Randy Foster, Jerry Darter, Stanley Rodery, Scott Buie, and

Dewayne Hensley (collectively “Plaintiffs”) filed a declaratory judgment action against Dunklin

County challenging an April 7, 2014, county commission order vacating County Road 223 in

Union Township. As to any interest they may have in bringing this action, Plaintiffs alleged only

that “[t]hey are all residents of Dunklin County, Missouri.”

 Dunklin County (“the county”), after filing its answer, filed a motion to dismiss

Plaintiffs’ petition. The county asserted that dismissal was appropriate based upon the following

four-step analysis: (1) “Before the Commission entered its order no remonstrances were filed

 1
pursuant to Section 228.110, RSMo”; (2) “Section 228.120, RSMo creates judicial review of an

order vacating a road in the manner prescribed by chapter 536”; (3) Section 536.110 provides

that proceedings for review may be instituted by filing a petition within thirty days of the notice

of the agency’s final decision”; and (4) “As no remonstrance was filed and no petition was filed

for review within thirty days the cause must be dismissed.”

 After hearing the parties’ oral arguments on the county’s motion to dismiss, the trial court

dismissed Plaintiffs’ petition “with prejudice.” The trial court’s rationale was as follows:

 No Plaintiff alleges they are persons residing in the district whose lands are
 crossed or touched by the road proposed to be vacated. Counsel for Plaintiffs
 argues the notice posted was insufficient and posted before the necessary period.
 Pursuant to Sections 228.110, 228.120, and 536.110, RSMo as no remonstrance
 was filed and no petition was timely filed, this cause must be dismissed.

 Plaintiffs timely appeal and raise three points challenging the trial court’s dismissal

judgment. We do not reach the merits of any of those points, however, because Plaintiffs failed

to allege facts in their petition demonstrating that they had standing to bring this action in the

first instance.

 Neither the county’s motion to dismiss nor the trial court’s judgment specifically

identified or relied upon Plaintiffs’ lack of standing as a basis for dismissal. Nevertheless,

“[s]tanding is a threshold issue and a prerequisite to a court’s authority to address substantive

issues.” Byrne & Jones Enterprises, Inc., v. Monroe City R-1 School Dist., 493 S.W.3d 847,

851 (Mo. banc 2016) (internal quotation marks omitted). Thus, “[c]ourts have a duty to

determine if a party has standing prior to addressing the substantive issues of the case.” CACH,

LLC v. Askew, 358 S.W.3d 58, 61 (Mo. banc 2012). “Lack of standing cannot be waived[,]”

Farmer v. Kinder, 89 S.W.3d 447, 451 (Mo. banc 2002), and “a challenge to standing may be

raised at any time, including sua sponte by this court.” Aufenkamp v. Grabill, 112 S.W.3d 455,

458 (Mo.App. 2003). “A party’s standing to sue is a question of law that we review de novo on
 2
appeal . . . on the basis of the petition, along with any other undisputed facts.” Stander v.

Szabados, 407 S.W.3d 73, 78 (Mo.App. 2013). Moreover, we can “affirm the trial court’s

dismissal on any basis supported by the record.” State ex rel. Christian Health Care of

Springfield, Inc. v. Missouri Dept. of Health and Senior Services, 229 S.W.3d 270, 276

(Mo.App. 2007).

 As a general matter, “[s]tanding refers to a party’s right to seek relief.” Bellistri v.

Ocwen Loan Servicing, LLC, 284 S.W.3d 619, 622 (Mo.App. 2009). Specifically, “[f]or a

declaratory judgment action, the petitioner must ‘have a legally protectable interest at stake in

the outcome of the litigation.’” Cope v. Parson, 570 S.W.3d 579, 583 (Mo. banc 2019) (quoting

State ex rel. Kan. City Power & Light Co. v. McBeth, 322 S.W.3d 525, 531 (Mo. banc 2010)).

“A legally protected interest necessary for standing to bring a declaratory judgment action means

a pecuniary or personal interest directly in issue or jeopardy which is subject to some

consequential relief, either immediate or prospective.” Dodson v. City of Wentzville, 133

S.W.3d 528, 535 (Mo.App. 2004) (internal quotation marks omitted).

 Here, in their opening brief, Plaintiffs rely upon the only allegation in their petition that

touches on, however remotely, their interest in maintaining the underlying litigation.

Specifically, Plaintiffs argue that “[a]s residents of Dunklin County, [Plaintiffs] had standing to

seek a declaratory judgment.” The pleaded allegation that Plaintiffs were “residents” of Dunklin

County, however, is insufficient to demonstrate standing. See Absher v. Cooper, 495 S.W.2d

696, 699 (Mo.App. 1973) (holding that plaintiffs who “neither pleaded nor proved that they had

an interest in the subject matter of [the] action which differed from that possessed by the public

generally” failed to demonstrate that they possessed a legally protected interest sufficient to

maintain their declaratory judgment action). Plaintiffs fail to direct us to any other allegations in

 3
their petition or any uncontested facts supporting the proposition that they had a pecuniary or

personal interest in the challenged order vacating County Road 223 to confer standing. 1

 Because Plaintiffs failed to demonstrate the threshold issue of standing and because we

are to affirm the trial court’s dismissal on any basis supported by the record, the trial court’s

dismissal of Plaintiffs’ petition is affirmed. The trial court’s dismissal requires modification,

however, because it was entered with prejudice. See Schweich v. Nixon, 408 S.W.3d 769, 779

(Mo. banc 2013) (holding that lack of standing does not implicate a claim’s merits and that

dismissal without prejudice is appropriate). Under Rule 84.14, the appropriate procedure is for

this Court to enter the judgment that the trial court should have entered. 2 See, e.g., id.; Missouri

State Conference of the NAACP v. State of Missouri, 633 S.W.3d 843, 849 (Mo.App. 2021);

Borges v. Missouri Public Entity Risk Management Fund, 358 S.W.3d 177, 183-84 (Mo.App.

2012). Accordingly, Plaintiffs’ petition seeking a declaratory judgment is dismissed without

prejudice.

GARY W. LYNCH, C.J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

MARY W. SHEFFIELD, P.J. – CONCURS

1
 In arguing that they made the requisite standing showing, Plaintiffs rely heavily on Hedges v. County Court for
Ray County, 581 S.W.2d 73 (Mo.App. 1979). While Hedges did reverse the dismissal of a petition seeking to set
aside an order closing and vacating a county road, the case did not involve, and the opinion does not address, the
issue of the plaintiffs’ standing to maintain the action in the first instance. Hedges, therefore, is inapposite and is of
no assistance to Plaintiffs.
2
 All rule references are to Missouri Court Rules (2021).

 4