■ In the Matter of the Claim of Leonard Guyette, Appellant, v. Electrolux Corporation et al., Respondents. Workmen's Compensation Board, Respondent.— Motion to dismiss appeal denied, with $10 costs. (See *Matter of Bolton* v. *City of New York,* 264 App. Div. 964.) Bergan, P. J., Gibson, Herlihy and Taylor, JJ., concur.

## Fourth Department, November, 1963

### (November 1, 1963)

■ Mildred N. Nadiak, Respondent, v. Boris S. Nadiak, Appellant.— Order unanimously reversed on the law, without costs of this appeal to either party, and matter remitted to Erie Family Court for further proceedings in accordance with the memorandum. Memorandum: This is a proceeding under article 3-A of the Domestic Relations Law, known as the Uniform Support of Dependents Law. The petitioning mother is domiciled in Florida and seeks to enforce compliance with a decree of that State which awarded her custody of the two children of the parties and provided for monthly payments of $200 for their support. The appellant father appeared in Erie County Family Court, did not contest the validity of the decree, but sought to modify it by reducing the support allowance by reason of claimed substantial changes in his financial circumstances. The court failed to follow the procedure set forth in section 37 of article 3-A, and particularly subdivision 6 thereof. The court also erroneously refused to permit appellant, who was not represented by attorney, to object to certain questions because he was in default in his payments; further, he was not permitted to testify as to his financial circumstances for the same reason. The court also committed error in leaving to the determination of the probation officer the question of whether or not respondent could pay $200 a month. At the completion of the hearing the court should have stayed the proceedings and transmitted a transcript of the Clerk's minutes to the court in the initiating State (Florida), after which the court in the initiating State should take such proof as that court might deem proper, and after due deliberation transmit such proof to the Family Court of Erie County with its recommendations (subd. 7). Thereafter the proceedings should have been continued in New York State in accordance with said section 37. Although we do not reach the question at this time, it may be that authority to change or modify the Florida decree is vested only in the courts of that State. (*Morse* v. *Morse,* 3 Misc 2d 163; *Falagario* v. *Noonan,* 20 Misc 2d 30.) (Appeal from order of Erie Family Court requiring respondent, Boris S. Nadiak, to continue monthly payments for support of his two children.) Present — Williams, P. J., Bastow, Goldman and McClusky, JJ.