■ Jo A. NASS, Respondent, v DEAN R. NASS, Appellant.—Order unanimously reversed, on the law, without costs, and matter remitted to Onondaga County Family Court for further proceedings in accordance with the

following memorandum: This is a proceeding under article 3-A of the Domestic Relations Law, known as the Uniform Support of Dependents Law. The petitioning mother, domiciled in North Carolina, seeks support for a son born on June 5, 1968. The parties were married on July 2, 1966 in North Carolina, where respondent was granted a divorce on August 7, 1970 and awarded custody of "the minor child born of said marriage". A supplemental judgment granted by the court on the same day found that appellant, "the father of such child", had failed to provide support and gave custody of the child to respondent subject to reasonable rights of visitation. On February 20, 1969, following appellant's arrest in North Carolina, a judgment was rendered directing him to pay $15 weekly to be disbursed for the child. All judgments recited either that appellant had been duly and properly served with process or had appeared in person. Appellant appeared in Onondaga County Family Court and denied paternity. He contended that he and his wife were separated at the time the child was conceived, that he was never served with a summons for the divorce proceedings in North Carolina, that the procedures followed by the New York and North Carolina courts were defective, and that he was not afforded due process. The presumption of legitimacy is one of the strongest known to the law and "the presumption will not fail unless common sense and reason are outraged by a holding that it abides * * * It may even be presumed though the spouses are living apart if there is a fair basis for the belief that at times they may have come together. Whether such a basis exists in any given instance is to be determined, however, in the light of experience and reason" *(Matter of Findlay,* 253 NY 1, 8; see, also, Domestic Relations Law, § 175). Common sense and reason are not outraged here by holding that the presumption of legitimacy abides. From the proofs before the New York court it would appear that sufficient evidence is present to permit a court to make the finding of access. The probabilities here are not such as to shatter the presumption of legitimacy and as Judge Cardozo pointed out "Issue will not be bastardized as the outcome of a choice between nicely balanced probabilities". *(Matter of Findlay, supra,* p 8.) However, the New York court made no such finding. It found that paternity had been established by the North Carolina decree buttressed by the finding that appellant made support payments without appealing from the North Carolina order, and that he acknowledged paying child support as evidenced by a letter dated June 24, 1969. This letter was improperly considered by New York. The record does not reflect a ruling by the court on the offer of this exhibit into evidence. Moreover, the procedure outlined in the Uniform Support of Dependents Law (Domestic Relations Law, art 3-A) was not followed. After the New York court heard the testimony on February 23, 1977 and directed that a transcript be sent to North Carolina, only an affidavit by petitioner sworn to May 9, 1977 before a notary public was received in return. The record reflects that North Carolina did not transmit to New York a certified transcript of the proof and evidence and of its proceedings and the recommendation of the North Carolina court as required by subdivision 7 of section 37 of the Domestic Relations Law. The court committed error in ignoring this procedure which is outlined "with great specificity" *Michel v Michel,* 31 AD2d 313, 316; see, also, *Nadiak v Nadiak,* 19 AD2d 943). Appellant's claims that the procedures initiating the proceeding were deficient and that his due process rights were violated have no merit. The law of North Carolina, which controls the initiating procedure and delegates authority to the clerk of the court, was followed (Chapter 52A of the General Statutes of North Carolina, § 52A-11). His due process rights of

confrontation and cross-examination were not denied. Both the New York and North Carolina statutes have been held constitutional *(Landes v Landes,* 1 NY2d 358; *Mahan v Reed,* 240 NC 641) and both courts have the power to order, and the parties the right to examination or cross-examination by, deposition or written interrogatories (Domestic Relations Law, § 34, subd 3; § 37, subd 9; Chapter 52A of the General Statutes of North Carolina, § 52A-12.2). Appellant's challenge to the decree on the ground that he was not served with a summons in the divorce proceeding deserves comment. It is undisputed that the matrimonial domicile is North Carolina, where the parties were married and where petitioner is presently domiciled, and that respondent-appellant has remarried. A divorce decree of a sister State must be given full faith and credit *(Williams v North Carolina,* 317 US 287; *Armstrong v Armstrong,* 350 US 568). Moreover, to overcome the presumption of regularity, facts negating the jurisdiction of the court—e.g., the absence of an element entitling a judgment to full faith and credit—must be pleaded affirmatively. A general denial of the allegations of the complaint is insufficient to raise the question of jurisdiction (10 Carmody-Wait 2d, NY Prac, § 67:22). Also, respondent's remarriage foreclosed any jurisdictional challenge to the North Carolina decree *(Carbulon v Carbulon,* 293 NY 375). The significance of any foreign decree or order should have been factors taken into consideration by the court with all the other facts and circumstances in the case. The court's findings should have been based on all of the evidence submitted or on the stated facts it deemed essential (CPLR 4213). (Appeal from order of Onondaga Family Court,—child support.) Present— Marsh, P. J., Moule, Simons, Dillon and Schnepp, JJ.