OPINION OF THE COURT
Nicholas L. Pitaro, J.
This proceeding for support was instituted pursuant to the Uniform Support of Dependents Law (hereinafter referred to as USDL), article 3-A of the Domestic Relations Law (also known as the Uniform Reciprocal Enforcement of Support Law), by the petitioner in the Dade County Circuit Court of Florida, Family Division. In her petition and testimony dated April 1,1980, the petitioner seeks an upward modification of the child support order from $30 per week to $200 per week. There are no allegations that the respondent has failed to meet his weekly support obligation.
The verified petition, the testimony of the petitioner, and the certificate of the Honorable John V. Ferguson, Circuit Judge of Dade County, were duly certified by the clerk of the initiating court and transmitted to the Family Court, Queens County, as responding court on May 7, 1980.
The petitioner’s certified testimony indicates that the parties were divorced in May, 1967 in Dade County. A *587 copy of the divorce decree and the separation agreement were among the papers transmitted to this court by the initiating court.
The separation agreement, which was incorporated by reference into the parties’ divorce decree, provides that the respondent is to pay to the petitioner for the support of the child the sum of $30 per week as of July, 1967. The separation agreement further provides that the respondent maintain a medical and hospital insurance policy providing for the care of the child, and in the event that such policies are not in effect then he agrees to pay for all extraordinary medical and dental expenses that the child may incur.
Pursuant to subdivision 6 of section 37 of the Domestic Relations Law, the respondent entered a verified denial to the petition on July 21, 1980. At a hearing held before the hearing examiner on the same date, the hearing examiner recommended that a hearing be held in Florida at which the petitioner’s testimony would be taken and transcribed as to four questions concerning her sources of income and her expenses. Such hearing was held on September 10, 1980 and copies of the testimony were transmitted to this court on September 24, 1980.
Pursuant to subdivision 9 of section 37 of the Domestic Relations Law, the respondent forwarded questions in the form of cross-examination to this court requesting that the court forward them to the Dade County Circuit Court for the petitioner to answer. The petitioner submitted a motion requesting a protective order, pursuant to CPLR 3103, to vacate what she termed the respondent’s notice of interrogatories. She asserted that the respondent’s questions were supplementary to earlier interrogatories and that the supplementary interrogatories were objectionable in that they were “vague, overbroad, lacking in specificity and particularity and extend beyond the scope of reasonable inquiry in this matter.”
The respondent opposed the motion reiterating that the questions were not in the form of interrogatories, but rather in the form of cross-examination. He noted that had he been in court at the time the petitioner answered the questions posed by this court through the hearing *588 examiner, the respondent would have had the opportunity to cross-examine the petitioner the same way as posed in the written questions.
This court finds that the respondent’s contention has merit. Subdivision 9 of section 37 of the Domestic Relations Law states: “the respondent shall havQ the right to examine or cross-examine the petitioner and the petitioner’s witnesses by means of depositions or written interrogatories”. The same right is given to the petitioner. In the instant case, the line of inquiry was opened by the hearing examiner. To provide clarification of what this court reads as vague and overbroad answers given by the petitioner, the respondent is entitled to cross-examination as provided by the USDL. Anything less would be a denial of due process. (See Nass v Nass, 64 AD2d 852.)
The court is aware that this is a difficult and time-consuming way to proceed. Yet such is the nature of an interstate action in which the law seeks to accommodate parties who are no longer domiciled in the same jurisdiction. In order to protect the rights of both parties involved in a USDL proceeding, the court must grant wide latitude in seeking all the facts required to make a just determination. In the present action, where the petitioner seeks a $170 per week increase in child support and alleges a debt of $841 owed to her for the child’s dental bills, it is necessary for the court and the respondent to have more information than has heretofore been provided. Such information can be acquired through cross-examination questions as proposed by the respondent.
The petitioner’s motion is denied. The clerk of the court is directed to transmit the respondent’s questions to the initiating court so that the petitioner can be properly cross-examined as to her earlier testimony. The clerk of the court is also directed to calendar this case for a hearing on April 6, 1981 in Part VII.