OPINION OF THE COURT
Jeffry H. Gallet, J.
This Uniform Support of Dependents Law (Domestic Relations Law, art 3-A; USDL) proceeding was brought by the petitioner, a 19-year-old resident of Dutchess County, against her mother, a resident of Queens County, for her support. Attached to the petition, when it was served on the respondent, was a transcript of the petitioner’s testimony before the Dutchess County Family Court. The respondent interposed an answer, including the affirmative defense that the petitioner is emancipated, which would relieve the respondent of her duty to support the petitioner.
THE MOTION
The respondent served, “in accordance with Article 31 of the C.P.L.R., Section 236(b)(4) of the Domestic Relations Law, and Article 3-A of the Domestic Relations Law” a set *620 of seven interrogatories. The petitioner moves for a “protective order” “vacating” questions Nos. 4 through 7.
Since the motion was made, the respondent has withdrawn the fourth question and the petitioner has agreed to answer the sixth question. Only the challenges to the fifth and seventh questions remain before the court.
THE ISSUE
The threshold question is which of the three statutes pursuant to which the respondent’s demand was made is controlling. CPLR article 31 and section 236 (part B, subd 4) of the Domestic Relations Law govern pretrial interrogatories and financial disclosure, respectively. Article 3-A of the Domestic Relations Law (the USDL) deals with examination and cross-examination of witnesses during trial.
THE LAW
CPLR 3101 permits wide discovery “of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof”. The Court of Appeals has interpreted CPLR article 31 liberally and permits discovery of any material or facts sufficiently related to the issues of a case to make the request reasonable for the preparation for trial. (Allen v Crowell-Collier Pub. Co., 21 NY2d 403; see, also, 3A Weinstein-Korn-Miller, NY Civ Prac., par 3101.07.) Similarly, section 236 (part B, subd 4) of the Domestic Relations Law requires broad pretrial financial discovery in “all support or maintenance proceedings in family court”. It provides for the same sanctions that are applicable to a failure to supply pretrial discoverable material under the CPLR.
However, section 37 of the Domestic Relations Law sets up an unusual trial procedure. The trial begins when the petitioner gives testimony before a court in his or her home jurisdiction. The respondent is then permitted to “examine or cross-examine the petitioner” by depositions or interrogatories forwarded to the initiating court. The respondent then testifies in his or her home court which renders an order of support. The procedure is clear and its constitutionality has been upheld. (Landes v Landes, 1 NY2d 358.)
In the instant case, the trial began on the same day that the petitioner verified her petition. The transcript of her *621 testimony was annexed to the petition when it was served on the respondent. Once the trial began, the respondent could only serve interrogatories under CPLR article 31 pursuant to an order of the court, and not as matter of right. (CPLR 3102, subd [d].) Accordingly, the demand for interrogatories under article 31 is void.
The apparent conflict between sections 37 and 236 (part B, subd 4) of the Domestic Relations Law can easily be reconciled. The financial information discoverable under section 236 (part B, subd 4) of the Domestic Relations Law would be a proper subject of cross-examination on trial. However, the court has no doubt that if the sections were in conflict, the legislative intent would' have been for the . USDL to take precedence because of the necessity to remain in substantial uniformity with similar statutes in other jurisdictions.
Once the trial has started, the questions permitted in the interrogatories are governed by the normal rules relating to courtroom examination and cross-examination. In applying those rules to. areas where the trial court has discretion, the respondent should be given wide latitude so as to insure him or her .of a full and fair opportunity to answer the petitioner’s allegations. (Domestic Relations Law, § 34, subd 3.)
THE DECISION
The fifth interrogatory asks the petitioner to set forth the religious and family difference which led to the separation between the petitioner and the respondent. The petitioner argues that the question is improper in that it has nothing to do with the petitioner’s need for support, her welfare status, or the ability of the respondent to provide support. She also argues that the question is vague and ambiguous. The respondent counters that the fifth interrogatory merely seeks to clarify the petitioner’s testimony.
The court must agree with the respondent’s contention. One of the questions included in the petitioner’s testimony was “What were the circumstances leading to the separation from your respondent [sic]?” The petitioner’s reply was “Religious and family differences.” As this line of inquiry was opened by the petitioner’s own testimony, the respon *622 dent has the right to seek to amplify the petitioner’s answer. As the court appropriately stated in Matter of Schlecker v Schlecker (107 Misc 2d 586, 588), where the court denied a protective order: “To provide clarification of what this court reads as vague and overbroad answers given by the petitioner, the respondent is entitled to cross-examination provided by the USDL. Anything less would be a. denial of due process.”
The seventh interrogatory asks the petitioner to set forth her work history from the summer of 1977, when she had lived with the respondent, to the present. The petitioner objects on the ground that her five-year work history is irrelevant to the present proceeding. The respondent replies, and the court must agree, that the question is relevant in that it seeks information which may lead the court to conclude that the petitioner is emancipated from the respondent mother. Furthermore, the petitioner’s present employment status is relevant in determining the amount of support she currently requires.
Accordingly, the petitioner’s motion is denied in its entirety. The court directs the petitioner to answer all interrogatories with the exception of the fourth which has been withdrawn. This proceeding remains on the calendar for trial on February 17, 1983 in Part V.