THIRD DEPARTMENT, OCTOBER 1987

(October 8, 1987)

■ In the Matter of ANETTA WILLIAMS, Respondent, v HAROLD WILLIAMS, Appellant.—Main, J. Appeal from an order of the Family Court of Ulster County (Peters, J.), entered May 8, 1986, which granted petitioner's application, in a proceeding pursuant to Domestic Relations Law article 3A, for an order directing respondent to pay for support of his child.

Petitioner and respondent were married in 1950 and divorced in 1980. Pursuant to a separation agreement entered into in 1977, respondent agreed to pay $150 per week to petitioner and their two unemancipated children as support, such sum to be reduced by $25 as each child became emancipated. It is clear that respondent has failed to comply with this provision of the separation agreement, as petitioner was

awarded a money judgment in Supreme Court in 1983 for support arrears.

Petitioner commenced this proceeding pursuant to Domestic Relations Law article 3A in 1984 in Nassau County Family Court. The petition and petitioner's testimony were certified and transmitted to Ulster County Family Court, where respondent resided. Following a hearing in Ulster County Family Court and petitioner's appearance in Nassau County Family Court to answer questions concerning her finances, Ulster County Family Court ordered respondent to pay petitioner $90.50 per week for the support of the remaining dependent child and $20 per week in support arrearages. It is from this order that respondent appeals.

Initially, respondent contends that the Family Courts of Ulster and Nassau Counties did not follow the requirements of Domestic Relations Law § 37 in conducting this proceeding. We disagree. While the record does reveal that the two courts did not always precisely follow the directives of Domestic Relations Law § 37, it is clear that they did largely comply with the statute's requirements (compare, Nass v Nass, 64 AD2d 852 [statute's requirements largely ignored]). We do not consider the instances in which the two courts failed to follow the statute's directives to rise to the level of reversible error. Moreover, with respect to respondent's contention that Ulster County Family Court erred by refusing to let him cross-examine petitioner at the time that respondent testified in that court, we note that a petitioner is not required to appear personally at the hearing in the responding court (Domestic Relations Law § 37 [5]). Domestic Relations Law § 37 (9) provides for cross-examination through the use of a deposition or interrogatories. Respondent was afforded this opportunity for cross-examination and took advantage of the opportunity. Accordingly, Ulster County Family Court did not err by refusing a personal cross-examination.

Respondent next contends that petitioner presented insufficient evidence concerning the dependent child's needs to enable Ulster County Family Court to make an award of support. Contrary to respondent's allegations, however, petitioner did testify as to the child's needs, although, as the court noted, she did not make a specific listing of those needs. Her testimony given at the time she filed her petition in Nassau County Family Court stated that the child needed $125 per week for support, and her financial disclosure statement revealed her total monthly expenses to be $1,637. It may therefore be discerned from the evidence that, of the total monthly

expenses of $1,637, petitioner was attributing approximately $500 to the child's needs. As petitioner notes, respondent had every opportunity to question petitioner as to the specifics of the child's needs and failed to do so. Under these circumstances, we cannot say that Ulster County Family Court's award is unsupported by sufficient evidence.

Finally, respondent asserts that Ulster County Family Court erred in determining that he received unacknowledged income from a printing business in the Village of Saugerties. However, petitioner presented evidence that respondent had been photographed behind the store's counter, that he lived at the same address and that the claimed owner of the store had given as her address the address of an apartment owned by respondent in New York City, and that respondent had given out cards for the printing business which included his handwritten name. It is undisputed that respondent had worked in a printing business prior to the divorce. Furthermore, respondent failed to produce income tax returns showing his actual income and failed to substantiate his claim that he is disabled and unable to work. In all, the evidence presented more than supports petitioner's claim that respondent has unacknowledged income.

Order affirmed, without costs. Mahoney, P. J., Kane, Main, Casey and Yesawich, Jr., JJ., concur.